462 A.2d 821

**COMMONWEALTH of Pennsylvania**

v.

**Duran J. SIMPSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 9, 1982.

Filed July 8, 1983.

118

Charles R. Bernsee, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, ROWLEY and MONTGOMERY, JJ.

ROWLEY, Judge:

Appellant was convicted of attempted rape, burglary, simple assault, possessing an instrument of crime and criminal trespass. Post-trial motions were filed and denied and appellant was sentenced to concurrent terms of three to ten years imprisonment on the burglary and attempted rape convictions and two years probation on simple assault. Sentence on the convictions of possessing an instrument of crime and criminal trespass was suspended. This direct appeal followed.

Appellant raises three issues on appeal: 1) Did the court err in admitting into evidence (a) a pair of pants allegedly worn by appellant and (b) three photographs of the victim's neck? 2) Was the evidence sufficient to support the convictions of attempted rape, burglary, simple assault, possession of an instrument of crime and criminal trespass?; and 3) Did the trial court improperly sentence appellant to double or multiple punishments for offenses arising out of the same act?

The facts of the case, as developed at trial, are as follows. At approximately 6:00 A.M. on October 22, 1979, the seventeen year old victim was asleep in her third-floor bedroom. She suddenly awoke to find appellant, whom she recognized from the neighborhood, standing beside her bed. The victim felt a pressure and a sharp point at her throat. Appellant was loosening the strings at the front of his pants and had lowered them to about two inches below his waist when the victim began to scream and pushed his hand away from her throat. Appellant told her to "shut up". When the victim continued to scream for her mother, appellant pulled up his clothes and ran out of her bedroom and down the stairs. The victim's younger sister, who was sleeping in the living room, awoke when she heard the victim scream and also recognized appellant as he was fleeing. The police were called. The officer who responded testified that the victim had a small puncture wound on her throat which was bleeding slightly. Both the victim and her sister accompanied the police to appellant's home, where they identified

appellant as the assailant. Appellant was arrested and a pair of blue jogging pants with a drawstring at the waist was seized.

I

■ Appellant first challenges the admissibility of the jogging pants and certain photographs. However, the issue of the admissibility of the photographs was not raised in appellant's post-trial motions. Therefore, that issue has been waived. *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979).

■ Appellant also argues that the court abused its discretion in admitting his jogging pants into evidence because they were irrelevant. Appellant bases this argument on the fact that the victim could not positively identify them as the exact pants worn by her assailant, but rather testified that they were "similar" to what he was wearing. Evidence is relevant if it tends to prove or disprove the matters in controversy. *Commonwealth v. Jones*, 355 Pa. 594, 50 A.2d 342 (1947). The jogging pants were clearly relevant in this case. The fact that they could not be positively identified affects the weight of such evidence, not its admissibility. *Commonwealth v. Ford*, 451 Pa. 81, 301 A.2d 856 (1973). The trial court did not abuse its discretion in admitting the pants into evidence.

II

Appellant next challenges the sufficiency of the evidence to support his convictions. In reviewing the sufficiency of the evidence to support a conviction, we must view the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979).

The law has long been that "the test of the sufficiency of the evidence ... is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or

crimes of which he has been convicted [citing cases]." *Commonwealth v. Chasten*, 443 Pa. 29, 31, 275 A.2d 305 (1971). Moreover, we of course must view the evidence in the light most favorable to the Commonwealth, the verdict winner, and the Commonwealth is entitled to every reasonable inference arising from that evidence. *Commonwealth v. Rankin*, 441 Pa. 401, 272 A.2d 886 (1971), *Commonwealth v. Ingram*, 440 Pa. 239, 270 A.2d 190 (1970). Additionally, it is clear that a jury may believe all or only a part of or none of a witness's testimony, and so long as the verdict is supported by the evidence there is no basis for interference with the fact-finding function of the jury.

*Commonwealth v. Neal*, 447 Pa. 452, 455–456, 290 A.2d 922, 924 (1972). Using that standard, we find that the evidence was sufficient to support the convictions of attempted rape and burglary.

Appellant argues that the evidence was insufficient to establish an attempted rape for two reasons. They are: 1) the Commonwealth failed to prove that the victim was not appellant's spouse; and 2) there is no evidence that appellant took a "substantial step" towards the commission of a rape.

■ Appellant's first argument is totally without merit. The victim testified that she was not related to appellant and that she recognized him because she had seen him around the neighborhood. This was sufficient to establish that the victim was not appellant's spouse. *See Commonwealth v. Schilling*, 288 Pa.Super. 359, 431 A.2d 1088 (1981).

■ We have further concluded that the appellant's actions in applying pressure to the victim's throat and in loosening and beginning to remove his pants constituted a substantial step towards the commission of a rape and was sufficient to sustain the conviction for attempted rape.

Appellant also contends that the evidence was insufficient to support the burglary conviction for two reasons. They

are: 1) the Commonwealth failed to prove that appellant was not licensed or privileged to enter the building; and 2) there was no evidence to support a finding that appellant intended to commit a crime when he entered the building. We find both arguments to be without merit.

 Appellant entered a family residence in the early morning hours while the occupants were asleep. The victim testified that she had been the last person to enter the house that night, that she had locked the door, and that she had not given appellant permission to enter. This testimony was sufficient to prove that appellant was not licensed or privileged to enter the victim's home. There was no need to call every person capable of authorizing an entry to testify that appellant was not given permission to do so. *Commonwealth v. Knight*, 276 Pa.Super. 348, 419 A.2d 492 (1980).

 The specific intent to commit a crime, necessary for a burglary conviction, may be inferred from the defendant's words or conduct or from the circumstances of the case together with all reasonable inferences therefrom. *Commonwealth v. Tingle*, 275 Pa.Super. 489, 419 A.2d 6 (1980). We have concluded that based upon the evidence presented at trial, which is set out above, that the finder of fact could reasonably have inferred that appellant intended to commit the crime of rape when he entered the residence.

We have concluded that the judgments of sentence for possessing an instrument of crime and criminal trespass must be vacated on other grounds. Therefore, we need not address the sufficiency of the evidence with respect to those offenses. The question of the sufficiency of the evidence to support the conviction for simple assault was not raised in post-trial motions and, therefore, has been waived. *Commonwealth v. Gravely, supra.*

### III

Finally, appellant challenges his multiple convictions and sentences. Specifically, appellant alleges that: 1) he was

improperly convicted of both attempted rape and possessing an instrument of crime; 2) he was improperly convicted of both burglary and attempted rape; 3) the simple assault conviction merged with the conviction for attempted rape; and 4) the conviction for criminal trespass merged with the conviction for burglary.

### A.

 Appellant's first argument has merit. Criminal Attempt, 18 Pa.C.S.A. § 901, and Possessing Instruments of Crime, 18 Pa.C.S.A. § 907, are both inchoate crimes. 18 Pa.C.S.A. § 906 provides that:

"A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime."

Therefore, appellant was improperly convicted of both offenses. In such a case, we have the option of either remanding for resentencing or amending the sentence directly. *Commonwealth v. Turner*, 290 Pa.Super. 428, 434 A.2d 827 (1981). Since sentence for possessing instruments of crime, the lesser offense, was suspended, we see no need to remand for resentencing. However, even though appellant did not receive an additional punishment, it has been held that the future prejudice to appellant is sufficient basis upon which to vacate an improperly imposed suspended sentence. *Commonwealth v. Richardson*, 232 Pa.Super. 123, 334 A.2d 700 (1975). Therefore, the suspended sentence for possessing an instrument of crime will be vacated.

### B.

 Appellant next argues that he was improperly convicted of both burglary and attempted rape. This argument is without merit. Under 18 Pa.C.S.A. § 3502(d), a defendant may be convicted of both burglary and the offense which he intended to commit after entry if the additional offense constitutes a felony of the first or second degree. Under 18 Pa.C.S.A. § 905, an attempt to commit a

felony of the first degree is a felony of the second degree. Rape is a felony of the first degree. 18 Pa.C.S.A. § 3121. Therefore, attempted rape is a felony of the second degree and appellant could properly be convicted and sentenced for both that offense and burglary.

## C.

Appellant next argues that the offense of simple assault merged with the offense of attempted rape. Under the facts of this case, we agree.

In *Commonwealth v. Irvin*, 260 Pa.Super. 122, 393 A.2d 1042 (1978), the Court held that if a simple assault is used to overcome the volition of a rape victim and force her submission, the assault and the rape would be a single act.

Under the Penal Code [1], a separate offense was provided for the crime of assault with intent to ravish. The distinction between that crime and rape was that, in the case of rape, the assault resulted in submission. On the other hand, in the case of assault with intent to ravish, the assault failed to force submission. *Commonwealth v. Irvin, supra.* Since both offenses were part of a single act, the crime of assault merged with the crime of assault with intent to ravish. *Com. ex rel. Tokarchik v. Claudy,* 174 Pa.Super. 509, 102 A.2d 207 (1954).

We have concluded that in this case, the crime of simple assault merges with the crime of attempted rape. The simple assault in this case, namely the application of pressure to the victim's throat with a sharp pointed object, was an important element in proving an attempted rape. Once the attempted rape was established, no additional facts were required to prove a simple assault. *See Commonwealth v. Ayala,* 492 Pa. 418, 424 A.2d 1260 (1981). The fact that the assault did not succeed in overcoming the victim's resistance, thereby preventing appellant from com-

1. Act of June 24, 1939, P.L. 872, No. 375 §§ 101 et seq., 18 P.S. §§ 4101 et seq., *repealed,* Act of Dec. 6, 1972, P.L. 1482, No. 334 § 5.

pleting the act of rape, does not convert appellant's actions into two separate crimes.

 Where a case requires a correction of sentence, this court has the option of remanding for resentencing or amending the sentence directly. *Commonwealth v. Eberts,* 282 Pa.Super. 354, 422 A.2d 1154 (1980). Since appellant merely received a term of probation for simple assault, we see no need to remand for resentencing on attempted rape. *See Commonwealth v. Guenzer,* 255 Pa.Super. 587, 389 A.2d 133 (1978). However, the probationary sentence for simple assault will be vacated.

### D.

 Appellant's final argument is that the crime of criminal trespass merged with burglary. The doctrines of merger and of lesser included offenses raise essentially the same question. *Commonwealth v. Ackerman,* 239 Pa.Super. 187, 191 n. 4, 361 A.2d 746, 748 n. 4 (1976). The test for determining whether an offense is a lesser included offense is whether all of the essential elements of the lesser offense are included in the greater offense. *Commonwealth v. Ostolaza,* 267 Pa.Super. 451, 406 A.2d 1128 (1979). Using this test, criminal trespass is not a lesser included offense of burglary, since one of the elements of the former is knowledge by the defendant that he was not privileged to enter, which is not an element of burglary. *Commonwealth v. Carter,* 482 Pa. 274, 393 A.2d 660 (1978). However, when discussing merger for sentencing purposes,

"we focus not only in the similarity of the elements of the crime but also, and primarily, on the facts proved at trial, for the question is whether those facts show that in practical effect the defendant committed a single criminal act, in which case there will be merger and only a single sentence which may be imposed, or more than a single act, in which case there will be no merger and a sentence may be for each act."

*Commonwealth v. Crocker,* 280 Pa.Super. 470, 475, 421 A.2d 818, 820 (1980) (citations omitted).

Here, as in *Crocker*, the evidence indicated that appellant committed one criminal act; specifically, one unlawful entry. Therefore, the court erred in sentencing him for both burglary and criminal trespass.

Since the sentence for criminal trespass was suspended, and obviously did not affect the sentence for burglary, there is no need to remand this case for resentencing. We will merely vacate the suspended sentence for criminal trespass, as the lesser crime. *See Commonwealth v. Crocker, supra.*

Judgment of Sentence for attempted rape and burglary affirmed. Judgment of Sentence for simple assault, possessing an instrument of crime and criminal trespass vacated.