566 A.2d 1194
**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kevin WAGNER, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 10, 1989.

Decided Dec. 6, 1989.

Kevin Wagner, I.P.P., Mercer, pro se.

John J. Driscoll, Dist. Atty. and Maria Greco Danaher, Asst. Dist. Atty., Greensburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

ORDER

PER CURIAM.

The Court being evenly divided, the order of the Superior Court, 368 Pa.Super. 644, 531 A.2d 36, is affirmed.

McDERMOTT, J., files an opinion in support of affirmance in which NIX, C.J., and FLAHERTY, J., join.

ZAPPALA, J., files an opinion in support of reversal in which LARSEN and PAPADAKOS, JJ., join.

## OPINION IN SUPPORT OF AFFIRMANCE

McDERMOTT, Justice.

The Opinion in Support of Reversal properly distinguishes burglary from criminal trespass by the intention of the actor. They are also correct that intent can be proven by words or conduct. *Commonwealth v. Simpson,* 316 Pa.Super. 115, 462 A.2d 821 (1983); *Commonwealth v. Russell,* 313 Pa.Super. 534, 460 A.2d 316 (1983). I believe the facts of the instant case are sufficient for a jury to find that intent.

When a stranger first tries to enter your garage and then breaks the window of your door, on a given evening, neither you nor a jury should be considered harsh, if you believe he is not an aimless waif bringing compliments of the evening, or a passing sojourner of eccentric ways, or a harmless loiterer in the evening shadows.

Those supporting reversal would have us believe that hiding in your bedroom under such conditions is an unnecessary foolishness in the presence of simple pleasantries. They would see no evil through such jaundiced eyes, hear none in the melodious tinkle of your breaking window, and obviously would say no evil of a man with an umbrella. The jury could find, and did, more sinister reasons afoot. I would leave the appellant where they found him, doing what they had every right to believe he was doing, attempting a burglary.

NIX, C.J., and FLAHERTY, J., join in this opinion in support of affirmance.

## OPINION IN SUPPORT OF REVERSAL

ZAPPALA, Justice.

In this appeal we review the order and memorandum opinion of the Superior Court affirming the judgment of the Court of Common Pleas of Westmoreland County dismissing the Petitioner's post-trial motions from the jury verdict convicting the Petitioner of attempt to commit burglary and loitering and prowling at nighttime. We granted the Appellant's Petition for allowance of appeal because we were concerned that insufficient evidence had been presented to sustain the conviction for attempted burglary. After reviewing the record in light of the existing case law, we are convinced that the conviction for attempt to commit burglary cannot stand, and would therefore reverse.

On November 9, 1983, at approximately 5:45 p.m.[1], Mrs. Smith was in her kitchen preparing dinner. Suddenly her dog began barking, which caused Mrs. Smith to turn on the spotlights in front of the garage. Not seeing anyone outside, Mrs. Smith went back to the kitchen to continue preparing dinner. Several minutes after returning to the kitchen, Mrs. Smith heard the sound of a window breaking, which she believed came from the direction of the living room. Fearing for her safety, Mrs. Smith activated a silent alarm. She then looked out a kitchen window to determine whether it was safe to go outside should an intruder be in her house. Looking out the window, Mrs. Smith observed a man, fitting the description of the Appellant, on the driveway heading toward her garage. When she observed the man outside, Mrs. Smith ran upstairs, locked herself in her bedroom and telephoned the police to see if they had been notified of the alarm. Looking out the bedroom window, Mrs. Smith observed the same man walking outside, below this bedroom window. She remained in her bedroom until the police arrived at the house.

1. Although Mrs. Smith testified that she heard a window being broken at approximately 4:44 p.m. it appears that either her testimony or the transcript is inaccurate. From the testimony of the various police officers it appears the incident occurred at approximately 5:44 p.m.

The police arrived at the Smith residence at about 5:53 p.m.. At that time, the Appellant was standing at the bottom of the Smith driveway where it meets with College Avenue. He was carrying an umbrella and appeared to be hitch-hiking. In response to the police officers' request, the Petitioner identified himself and gave his address. After talking with Mrs. Smith and comparing her description of the intruder with the Appellant, the officers placed the Appellant under arrest. Appellant was driven to the house where Mrs. Smith identified him as the intruder.

At trial, Sergeant Baric, a fingerprinting expert, testified as to the whereabouts of identifiable finger prints. Two prints, later identified as Appellant's, were lifted off the pantry windowpane behind the house. No prints were lifted within the house itself or on the door handle of the french doors at the rear of the house. A four by six inch window pane of the french doors had been broken, but no glass fragments were found in the Appellant's umbrella.

Based upon this evidence, the jury found the Appellant guilty. Because there is no evidence to establish a specific intent to commit a crime in the premises, we must reverse.

Under the Criminal Code, "burglary" is defined as follows:

(a) Offense defined.—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa.C.S. § 3502. The critical elements, therefore, are (1) breaking and entering and (2) a specific intent to commit a crime at the time of the entry.

A defendant may be convicted of an "attempt" if he takes a substantial step towards the completion of the crime.

(a) Definition of attempt.—A person commits an attempt when, with intent to commit a specific crime, he does an

act which constitutes a substantial step towards the commission of that crime.

18 Pa.C.S. § 901. However, attempted burglary must be distinguished from attempted criminal trespass which requires proof only of breaking and entering.[2]

Since the Legislature has defined two distinct crimes more must be required to establish attempted burglary than an unwarranted entry. The distinguishing element between burglary and criminal trespass is the intent to commit a crime once unlicensed entry has been gained. Therefore, to sustain a conviction for attempted burglary, the evidence must establish not only an unwarranted entry but a substantial step towards the commission of a crime once in the premises. To hold otherwise would result in an absurd consequence which the Legislature is presumed not to intend. 1 Pa.C.S. § 1922(1).

The specific intent to commit a crime necessary for a burglary conviction may be inferred from the assailant's words or conduct or from the circumstances of the intrusion. *Commonwealth v. Simpson*, 316 Pa.Super. 115, 462 A.2d 821 (1983), *Commonwealth v. Russell*, 313 Pa.Super. 534, 460 A.2d 316 (1983). Although it is not necessary for the Commonwealth to prove the *specific* crime to be committed on the premises, the Commonwealth must prove that the intruder did in fact intend to commit *a* crime once in the

**2.** Section 3503. Criminal trespass

(a) Buildings and occupied structures.—

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

\*　　\*　　\*　　\*　　\*　　\*

(3) As used in this sub-section:

"Breaks into." To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access.

building. *Commonwealth v. Vazquez, Jr.*, 328 Pa.Super. 86, 476 A.2d 466 (1984). The assailant's mere presence near the scene of the crime cannot, without more, establish the elements of entry with felonious intent. *Commonwealth v. Tessel*, 347 Pa.Super. 37, 500 A.2d 144 (1985).

Applying the facts in the light most favorable to the Commonwealth as the verdict winner, as we must, to the enunciated legal standard, it is obvious that the verdict cannot stand. At most, the Commonwealth established an attempted criminal trespass. The Appellant was not found in the residence nor was there any evidence that he even entered the residence. When intercepted by the police, the Appellant was observed hitch-hiking and continued to do so until stopped by the police. Not only were burglary tools not found on his person, but the umbrella that he was carrying was tested for and cleared of any glass particles. There simply is not evidence to establish a substantial step towards the commission of a crime.

While the presence of the Appellant's fingerprints on the pantry windowpane could provide evidence beyond a reasonable doubt as to the Appellant's presence at the house and an attempt to enter the house, this same evidence cannot establish beyond a reasonable doubt a *substantial* step towards the commission of a crime. Without any evidence of specific intent to commit a crime, a critical element to burglary has not been satisfied. Therefore, the verdict should not be sustained.

LARSEN and PAPADAKOS, JJ., join in this opinion in support of reversal.