651 A.2d 1092

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Garland M. ALSTON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 20, 1994.

Decided Dec. 28, 1994.

Lester G. Nauhaus, Public Defender, Shelley Stark, Chief–Appellate Div., Suzanne M. Swan, Appellate Counsel, for appellant.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli, Sandra Preuhs, Asst. Dist. Attys., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The question presented is whether the Commonwealth violated Appellant's rights under the Sixth Amendment to the Constitution of the United States, and Article I, Section 9 of the Pennsylvania Constitution. More specifically, the question is whether the Commonwealth provided Appellant with sufficient notice of all of the elements of the crime of burglary charged, where the Commonwealth's Information failed to specify what *particular* crime Appellant allegedly intended to commit after his forcible entry into the private residence of another. We hold that in order to secure a conviction for burglary, the Commonwealth is not required to allege or prove what *particular* crime Appellant intended to commit after his forcible entry into the private residence. Therefore, the Commonwealth's Information cannot be deemed constitutionally defective for failing to provide notice of that which need not have been alleged or proven.

On July 29, 1990, Mr. Leslie Frank was roused from his sleep by unusual noises including the burglar alarm of his residence. While investigating the occurrence, Mr. Frank saw

Appellant ascending the stairs from the basement. Upon seeing Mr. Frank, Appellant immediately fled from the premises, and Mr. Frank called the police. Based upon Mr. Frank's description, Appellant was located by the police in close proximity to the residence, detained, and identified by Mr. Frank minutes later. Upon further investigation it was discovered that the locked basement door of Mr. Frank's residence had been damaged as a result of forcible entry. Appellant was subsequently convicted of burglary following a bench trial. Post-trial motions were denied, and Appellant was sentenced to five to ten years imprisonment concurrent with sentences previously imposed on four additional burglary convictions.

Before this Court Appellant claims that trial counsel was ineffective in failing to move to quash the Commonwealth's Information on the basis that it failed to allege a specific crime underlying the burglary charge in violation of the notice requirements of the Sixth Amendment to the Constitution of the United States, and Article I, Section 9 of the Pennsylvania Constitution. We disagree.

In order for Appellant to prevail on a claim of ineffectiveness, he must demonstrate that: (1) the underlying claim is of arguable merit; (2) the particular course chosen by counsel did not have some reasonable basis designed to effectuate his interests; and (3) counsel's ineffectiveness prejudiced him. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). Counsel can never be found ineffective for having elected not to raise a meritless claim. *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332 (1981); *Commonwealth v. Giknis,* 491 Pa. 215, 420 A.2d 419 (1980). Moreover, we begin with the presumption that trial counsel was not ineffective. *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981).

Under Pennsylvania law the crime of burglary is defined as an unauthorized entry with the intent to commit a crime after entry. 18 Pa.C.S. § 3502;[1] *Commonwealth v.*

1. Pursuant to 18 Pa.C.S. § 3502:

*Wilamowski*, 534 Pa. 373, 633 A.2d 141 (1993). The intent to commit *a crime* after entry may be inferred from the circumstances surrounding the incident. *Commonwealth v. Hardick*, 475 Pa. 475, 380 A.2d 1235 (1977); *Commonwealth v. Wilamowski*, 534 Pa. 373, 633 A.2d 141 (1993). This intent may be inferred from actions as well as words. However, actions must bear a reasonable relation to the commission of a crime.

In *Wilamowski, id.* we discussed circumstantial proof of the intent element in situations involving attempted burglary. There, we found unacceptable a *per se* assumption that evidence of a forced opening into an occupied structure automatically gives rise to an inference of intent to commit a crime *inside*. We held that a "totality of the circumstances" approach is more appropriate when evaluating the Commonwealth's evidence supporting the intent element. We then held that more than merely breaking a door or window is required to support an inference of intent to commit a crime *inside*.[2]

Now, however, Appellant seeks to go one step further than *Wilamowski*, and asserts that his entry and flight alone are insufficient to support an intent to commit a crime *inside* unless the Commonwealth can prove what *particular* crime he intended to commit while in the residence. He claims the Commonwealth's failure to specify a particular crime was a violation of his rights under the Sixth Amendment to the Constitution of the United States, and Article I, Section 9 of the Pennsylvania Constitution. These constitutional provisions require that the accused be provided with sufficient notice to prepare a defense and to ensure that he will not be

> A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

**2.** The problem in *Wilamowski* with regard to circumstantial proof of the intent element is not present in the matter *sub judice* because the Commonwealth introduced evidence of not only an unauthorized forced opening, but of actual entry and subsequent flight upon discovery as well. Thus, the totality of the circumstances of the incident justifies the inference that at the time Appellant entered the private residence he possessed an intent to commit a crime *therein*.

twice put in jeopardy for the same offense. We find Appellant's argument specious under the Sixth Amendment to the Constitution of the United States.[3] We further hold that Article I, Section 9 of the Pennsylvania Constitution provides no independent basis for relief. *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

■ Once Appellant has entered the private residence by criminal means we can infer that Appellant intended a criminal purpose based upon the totality of the circumstances. Appellant's constitutional right to notice is not violated by such an inference of general criminal intent. The importance

3. In support of his claim Appellant principally relies upon *Virgin Islands v. Pemberton,* 813 F.2d 626 (3rd. Cir.1987), wherein the Third Circuit Court of Appeals expressly concluded that an intent to commit a *particular* crime was an essential element of the offense of burglary. Based upon this conclusion the court held that an Information charging burglary that failed to state the offense the defendant intended to commit upon entry insufficiently apprised him of all of the elements of the offense sought to be punished as required by the Sixth Amendment to the Constitution of the United States. Appellant contends that this Court is bound by the decision in *Pemberton.* We do not interpret *Pemberton* to be controlling in this instance, and find more persuasive the contrary approach to this question recently utilized in *DeVonish v. Keane,* 19 F.3d 107 (2d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 128, 130 L.Ed.2d 71 (1994); Cf. *Commonwealth v. McNeil,* 388 Pa.Super. 108, 564 A.2d 1289 (1989), *allocatur denied,* 525 Pa. 617, 577 A.2d 889 (1990).

While the Virgin Islands burglary statute interpreted by the court in *Pemberton* is similar to Pennsylvania's burglary statute, unlike the court in *Pemberton* we do not interpret the law of this Commonwealth to require an intent.to commit a *particular* crime as a essential element of the offense of burglary. Under Pennsylvania law, burglary is defined as an unauthorized entry, with the intent to commit a crime, *any crime,* after entry. See 18 Pa.C.S. § 3502. We conclude that the specific intent element of the crime of burglary is limited to whether the accused entered with a "general criminal intent" to commit any crime. Thus, an intent to commit a *particular* crime is not a material element of the offense of burglary under the law of this Commonwealth. To hold·otherwise would require the Commonwealth to predict what crime Appellant intended to commit had he not been frightened away by Mr. Franks. Such a requirement would essentially eviscerate the Commonwealth's ability to prove the specific intent element of burglary based upon inference from the totality of the circumstances of Appellant's intrusion—a manner of proof to which the Commonwealth was clearly entitled. *Commonwealth v. Hardick,* 475 Pa. 475, 380 A.2d 1235 (1977); *Commonwealth v. Wilamowski,* 534 Pa. 373, 633 A.2d 141 (1993).

and appropriate nature of this manner of proof was perhaps most eloquently described by the Late Justice James T. McDermott in *Commonwealth v. Wagner*, 523 Pa. 298, 566 A.2d 1194, 1194 (1989), wherein he wrote:

> When a stranger first tries to enter your garage, and then breaks the window of your door, on a given evening, neither you nor a jury should be considered harsh, if you believe he is not an aimless waif bringing compliments of the evening, or a passing sojourner of eccentric ways, or a harmless loiterer in the evening shadows.
>
> Those supporting reversal would have us believe that hiding in your bedroom under such conditions is an unnecessary foolishness in the presence of simple pleasantries. They would see no evil through such jaundiced eyes, hear none in the melodious tinkle of your breaking window, and obviously would say no evil of a man with an umbrella. The jury could find, and did, more sinister reasons afoot. I would leave the appellant where they found him, doing what they had every right to believe he was doing, attempting a burglary.

*Id.* at 299, 566 A.2d at 1194 (1989).

Accordingly, we hold that in order to secure a conviction for burglary, the Commonwealth is not required to allege or prove what particular crime Appellant intended to commit after his forcible entry into the private residence. A conclusion to the contrary would place the police and citizens of this Commonwealth in the dangerous position of having to permit a burglar to take a substantial step towards the commission of a particular crime, potentially risking violence, in order to secure a conviction for burglary. Given this holding, it necessarily follows that the Commonwealth's Information in the matter *sub judice* cannot be deemed constitutionally defective for failing to provide notice of that which need not have been alleged or proven.

The purpose of an Information or an Indictment is to provide the accused with sufficient notice to prepare a defense, and to ensure that he will not be tried twice for the

same act. *Commonwealth v. Ohle*, 503 Pa. 566, 588, 470 A.2d 61, 73 (1983); *Commonwealth v. Diaz*, 477 Pa. 122, 383 A.2d 852 (1978); *Commonwealth v. Rolinski*, 267 Pa.Super. 199, 406 A.2d 763 (1979). An Indictment or an Information is sufficient if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet, and may plead double jeopardy in a future prosecution based on the same set of events. *Commonwealth v. Bell*, 512 Pa. 334, 343, 516 A.2d 1172, 1177 (1986); *Commonwealth v. Ohle*, 503 Pa. 566, 588, 470 A.2d 61, 73 (1983); *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 1046, 8 L.Ed.2d 240 (1962); See Pa. R.Crim.P. 225(b). This may be accomplished through use of the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974), quoting, *United States v. Carll*, 105 U.S. 611, 612, 26 L.Ed. 1135 (1882).

The Commonwealth's Information tracked the language of 18 Pa.C.S. § 3502, and thus, sufficiently apprised Appellant of all necessary elements of the crime of burglary. The Information charged Appellant with unauthorized entry into Mr. Frank's residence. It further charged Appellant with a specific intent, at the time of entry, to commit *some* crime while in the residence, which was satisfied upon a showing of a general criminal intent inferred from the totality of the circumstances of Appellant's entry into, presence within, and flight from the private residence.

Based upon the detail of this Information, Appellant suffered no surprise or prejudice with regard to his ability to prepare a defense, and he was sufficiently protected from being placed in jeopardy again in the future for criminal acts allegedly performed during the same set of events. Therefore, we discern no constitutional defect in the Commonwealth's Information. Accordingly, trial counsel cannot be

deemed ineffective for failing to raise such a meritless claim. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981); *Commonwealth v. Giknis*, 491 Pa. 215, 420 A.2d 419 (1980); *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981).

The decision of the Superior Court is affirmed.

Jurisdiction relinquished.

MONTEMURO, J., is sitting by designation.