J-S89007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AKREEM DICKS, | |
| Appellant | No. 602 EDA 2016 |

Appeal from the Judgment of Sentence January 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006898-2015

BEFORE:  SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 11, 2017**

Appellant, Akreem Dicks, appeals from the judgment of sentence entered following his conviction of burglary, criminal trespass, criminal mischief, and criminal attempt.  We affirm.

The following is the trial court's summary of the facts of this case:

> King Paramore[2] testified that on June 18, 2015, he went to 2447 N. 15th Street in Philadelphia, where he owns a residential property.  At about 7-8 PM, he observed that the metal bars had been pried away from the frame of the back door, and the wood was splintered.  The bars were pried away as if by a crowbar. Paramore then secured the interior and exterior doors with plywood.
>
> > [2] Mr. Paramore is a Temple University Police Detective, but he was testifying in his private capacity as owner of the subject property.

---

[*]  Former Justice specially assigned to the Superior Court.

He had last been to the property the previous day and the door was not in the condition he observed on the 18th. The property was habitable the day prior to the break-in.

Paramore left the premises after securing the damaged door, returning about one-half hour later. Paramore entered the property through the front door and while inside he heard what sounded like someone kicking the kitchen door. He ran to the rear [of] the property where he observed [Appellant] inside the summer shed kitchen area, kicking at the inner kitchen door. Paramore drew his off-duty weapon and identified himself as an off-duty officer, then called police. There was a crowbar in the shed kitchen [where] [Appellant] was found.

Missing from the property were a digital recorder, clothes, sneakers, and some jewelry. A small flat screen television had been moved and was beside the door. Pipes had also been removed from the basement.

The following day Paramore returned to inspect the property and shore up the damaged door. Inside a fenced-in area on the steps to [the] shed kitchen, Paramore found a wallet with [Appellant's] Pennsylvania driver's license and other identification.

The damage to the property cost a couple of hundred dollars to repair. The items taken were valued at $500.

Trial Court Opinion, 6/7/16, at 2-3 (internal citations omitted).

The trial court summarized the procedural history of this case as follows:

On November 6, 2015, [Appellant] proceeded to trial before this [c]ourt, sitting without a jury. [Appellant] was convicted of Burglary as a felony of the first degree (18 Pa.C.S. § 3502(A)(1)), Criminal Trespass as a felony of the second degree (18 Pa.C.S. § 3503(A)(1)), Criminal Mischief as a misdemeanor of the third degree (18 Pa.C.S. § 3304(A)(2)), and Criminal Attempt (Theft) as a felony of the first degree (18 Pa.C.S. § 901(A)).

On January 15, 2016, [Appellant] was sentenced [to] concurrent terms of 2-4 years [of] incarceration, followed by consecutive terms of two years [of] probation, on the Burglary, Criminal Trespass and Criminal Attempt convictions. No further penalty was imposed on the Criminal Mischief conviction.

A timely Notice of Appeal was filed on February 16, 2016.[1]

[1] Monday, February 15, 2016, was a [c]ourt holiday.

On February 17, 2016, the [c]ourt entered an order directing the filing of a Statement of Errors Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b), within 21 days.

On March 2, 2016, [Appellant] filed a Statement of Errors, along with a Request for Extension of Time to File a Supplemental Statement of Matters Upon Receipt of All Notes of Testimony.

On March 8, 2016, the [c]ourt denied the Request for Extension, without prejudice to seek leave to file an amended statement of errors upon receipt of the notes of testimony.

The trial and sentencing notes of testimony became available on or before May 11, 2016. As of this date, [Appellant] has not sought leave to file an amended statement of errors.

Trial Court Opinion, 6/7/16, at 1-2.

Appellant presents the following issue for our review:

Was not the evidence insufficient to support the offense of burglary where there was no entry into the house and no intent to commit a crime inside the building?

Appellant's Brief at 2.

Appellant argues that there was insufficient evidence establishing that he entered or attempted to enter the house as opposed to the shed. Appellant's Brief at 8. Appellant posits that his presence in the shed could have been as a result of his attempt to avoid the elements. *Id.* Appellant

further maintains that "though there was evidence of someone doing damage to both the shed and the house the day before, and stealing property from within the house, nothing connects [A]ppellant to that prior burglary." *Id.* Appellant also asserts that the evidence did not demonstrate that he had the requisite intent to commit a crime inside the building. *Id.* at 7.

The standard for evaluating sufficiency claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011).

"A person commits the offense of burglary if, with the intent to commit a crime therein, the person . . . enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present."

18 Pa.C.S. § 3502(a)(1). "Intent may be proved by direct evidence or inferred from circumstantial evidence." *Commonwealth v. Galindes*, 786 A.2d 1004, 1009 (Pa. Super. 2001).

The trial court provided the following analysis in addressing Appellant's claims:

> [Appellant] alleges that his conviction was erroneous because the evidence did not demonstrate either that he entered the property or that he has the requisite intent to commit a crime therein.
>
> The first aspect of this allegation of error is frivolous. The complainant was clear that he found [Appellant] in the summer shed kitchen of the house, kicking at the locked door that connected that room to the kitchen proper. The shed kitchen is part of the house. That shed kitchen portion of the house had a rear door, opening into a fenced in area, which was also damaged, which the complainant returned to "shore up" the next day.
>
> As to the second allegation of error, that the evidence was insufficient to demonstrate intent to commit a crime, we found ample circumstantial evidence of such intent. The law is clear that "specific intent as to the crime of burglary may be inferred from the circumstances surrounding entry of the accused."
>
> * * *
>
> Here, the evidence demonstrating that [Appellant] entered the property with intent to commit a crime included entry through a rear door, by force, with a tool to effect such entry (the crowbar), and attempting by force, to break through a second door.
>
> Additionally, although mere gild on the lily of the above amply demonstrated entry with intent to commit a crime, there was circumstantial evidence of actual and attempted theft. . . . [T]he complainant found the metal bars had been pried away from the frame of the back door, as if with a crowbar, and the wood was splintered. There had been no such damage the

- 5 -

previous day. [The complainant] secured the doors, and left, returning about one-half hour later, where he found [Appellant] inside the back door, in the shed kitchen, kicking at the door into the kitchen proper, with a crowbar nearby. Items, including pipes from the basement, were missing from the house, while a TV was by the door.

From all this evidence, particularly the extremely short time span between the resealing of the house and [Appellant's] presence inside the re-broken rear door, attempting to get into the kitchen, it was reasonable to conclude [Appellant] had returned for further booty, including the TV he had left by the door.

Trial Court Opinion, 6/7/16, at 4-6 (internal citations omitted).

We agree. Mr. Paramore, in describing the dwelling, explained that the shed kitchen is part of the house. N.T., 11/6/15, at 21. The door separating the summer shed kitchen and the kitchen proper simply happened to be locked, and as a result, hampered Appellant's further ingress to the remainder of the house. Because Appellant was found in the summer shed kitchen, which is part of the house, we agree with the trial court's conclusion that there was sufficient evidence to establish that Appellant made entry into the building.

Furthermore, the evidence, both direct and circumstantial, establishes that Appellant had the intent to commit a crime within the building. Appellant forcefully broke into the structure. Such evidence establishes that Appellant had a criminal purpose for being in the building. *Commonwealth v. Alston*, 651 A.2d 1092, 1095 (Pa. 1994) ("Once [an a]ppellant has entered the private residence by criminal means we can infer that [the

a]ppellant intended a criminal purpose based upon the totality of the circumstances."). Moreover, a determination that an individual entered a building with a criminal purpose is sufficient to establish a conviction of burglary. *Id.* (explaining that "in order to secure a conviction for burglary, the Commonwealth is not required to allege or prove what particular crime Appellant intended to commit after his forcible entry into the private residence.").

Additionally, the evidence establishes that several items, including pipes, a digital recorder, clothes, sneakers, and jewelry were missing from the building after Appellant's unlawful entry. Moreover, the television had been moved close to the door, supporting the inference that Appellant had previously placed it there for retrieval upon his return. Thus, the combined circumstances support the conclusion that Appellant indeed committed a crime within the structure, and had made entry with the intent to do so. Accordingly, we conclude there was sufficient evidence to support Appellant's conviction of burglary.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2017

- 7 -