J-S34011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LLOYD GEORGE MAYS | : | |
| | : | |
| Appellant | : | No. 471 MDA 2021 |

Appeal from the PCRA Order Entered April 6, 2021
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000643-2011

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED:  DECEMBER 20, 2021**

Appellant Lloyd George Mays appeals from the Order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  After careful review, we affirm.[1]

The Commonwealth charged Appellant in March 2011 with numerous offenses arising from violent assaults, including rape and involuntary deviant sexual intercourse, that he committed on March 25, 2011, and again on March 26-27, 2011.[2]  In 2012, Appellant waived his right to counsel after a thorough colloquy and proceeded to a jury trial with stand-by counsel.  The jury

---

[1] Appellant filed the PCRA petition underlying this appeal within one year of the partial grant of his second PCRA petition which resulted in resentencing. Thus, for purposes of addressing issues pertaining to the resentencing, we consider this PCRA petition to be his first; however, with respect to any other issues, it is his third PCRA Petition. *See* discussion, *infra*.

[2] The victim was Appellant's then-66-year-old mother with whom Appellant lived.

convicted Appellant and the court imposed a lengthy sentence. On November 28, 2012, the trial court partially granted Appellant's post-sentence motion and modified the sentence, imposing an aggregate term of incarceration of 23½ to 62 years.[3] On November 19, 2013, this Court affirmed the judgment of sentence, and Appellant did not seek further review from the Pennsylvania Supreme Court. **Commonwealth v. Mays**, No. 480 MDA 2013, 2013 WL 11250255 (Pa. Super. 2013).

Appellant filed his first PCRA petition in 2014, alleging trial counsel provided ineffective assistance by failing to file a petition for allowance of appeal with the Pennsylvania Supreme Court. The PCRA court denied relief.

Appellant's second PCRA petition, filed in January 2016, challenged, *inter alia*, the legality of his sentence based on an inaccurate prior record score. The court held a hearing at which the parties entered a stipulation that the correct prior record score was 3 and not 4 as was applied at sentencing. The PCRA court granted relief in part, and resentenced Appellant with a correct prior record score on September 7, 2016, to an aggregate term of 22 to 62 years' incarceration. Appellant did not appeal.

On April 17, 2017, Appellant filed the instant petition challenging the adequacy of his trial counsel waiver colloquy and contending the court should have merged his simple assault conviction with his rape convictions at the resentencing proceeding. The court appointed counsel that same day. The

_____

[3] The modification included a merger of one count of involuntary deviate sexual intercourse with one count of rape.

- 2 -

Commonwealth filed a Response. On December 20, 2017, the court directed Appellant's counsel to file a memorandum within 30 days addressing the Commonwealth's Motion to Dismiss. Defense counsel did not file the ordered memorandum.

On January 28, 2019, the PCRA court issued an Order informing the parties that it intended to dismiss the petition as untimely. On March 18, 2019, the court dismissed the Petition.

Appellant *pro se* appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement asserting, *inter alia*, that PCRA counsel abandoned him. This Court remanded for the court to determine if Petitioner's PCRA counsel had abandoned him. The PCRA court subsequently granted Appellant's request for the appointment of counsel, and on July 24, 2020, the PCRA court entered an order allowing new counsel to amend Appellant's 2017 petition.

Counsel filed an amended petition on September 1, 2020, asserting that (1) the trial court failed to conduct a complete waiver of counsel colloquy and his previous PCRA counsel provided ineffective assistance by failing to raise this issue in his prior PCRA petitions; and (2) Appellant's simple assault and rape convictions should have merged for sentencing purposes at the 2016 resentencing hearing.

The court held a hearing on the amended third PCRA Petition on November 13, 2020, at which the parties presented no evidence.[4] Following

---

[4] The record contains no transcript of this proceeding and the docket contains no entries indicating that a transcript had been requested.

briefing by the parties, the court denied relief. Tr. Ct. Op., dated April 6, 2021.

Appellant timely appealed. He filed a Pa.R.A.P. 1925(b) Statement and the court submitted an Order in response, relying on its April 6, 2021 Opinion.

Appellant raises the following issues for our review:

a. Whether the PCRA Court erred in denying the Appellant's Amended PCRA Petition regarding the alleged improper on-the-record colloquy of the Appellant's wa[iv]er of counsel?

b. Whether the PCRA Court erred in denying the Appellant's Amended PCRA Petition regarding the failure to merge the Simple Assault conviction with the conviction for Rape at the time of Sentencing?

Appellant's Br. at 7.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Before we consider the issues raised in Appellant's brief, we must determine whether we have jurisdiction to do so. To obtain relief under the PCRA, a petitioner must plead and prove that the conviction or sentence resulted from, *inter alia,* a violation of the United States or Pennsylvania

Constitutions or ineffective assistance of counsel.  42 Pa.C.S. § 9543(a)(2).

"[A] petitioner does not have an absolute right to collateral review and is not afforded review of claims previously litigated or waived." ***Commonwealth v. Lesko***, 15 A.3d 345, 361 (Pa. 2011) (citing 42 Pa.C.S. § 9543(a)(3), 9543(a)(4).  Further, an issue is waived if "the petitioner could have raised it but failed to do so before trial, at trial, [] on appeal or in a prior state post-conviction proceeding."  42 Pa.C.S. § 9544.

A PCRA petition must be filed within one year from the date the judgment of sentence became final unless it meets one of the enumerated timeliness exceptions.  ***Id***. at § 9545(b)(1) and (b)(1)(i-iii).  This Court is without jurisdiction to review the merits of claims raised in an untimely PCRA petition. ***Commonwealth v. Sanchez***, 204 A.3d 524, 526 (Pa. Super. 2019).

**Issue 1 – Adequacy of trial counsel waiver colloquy**

Appellant challenges the adequacy of the colloquy conducted prior to his waiving his right to trial counsel.  Appellant's Br. at 15.

A challenge to the adequacy of a waiver colloquy must be raised at the time of the colloquy or on direct appeal. ***Commonwealth v. Miller***, 987 A.2d 638, 661 (Pa. 2009).  As noted above, "an issue is waived if the petitioner could have raised it but failed to do so . . . on appeal[.]" 42 Pa.C.S. § 9544(b).  Relevant to the procedural history of this case, we note that "a successful . . . PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted

in the . . . petition neither restored a petitioner's direct appeal rights nor disturbed his conviction[.]" ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008) (citation omitted). Thus, a new PCRA petition filed after resentencing cannot raise issues relating to the underlying guilt phase; rather, the issues raised in a post-resentencing PCRA petition must pertain only to what occurred at the resentencing. ***Lesko***, 15 A.3d at 371.

Here, the PCRA court did not reinstate Appellant's direct appeal rights *nunc pro tunc* when it granted partial relief to allow resentencing. That partial relief did not "reset the clock" to allow Appellant to raise claims that should have been raised on direct appeal or in a timely-filed PCRA petition. Accordingly, Appellant's challenge to the adequacy of his pre-trial waiver colloquy is waived.[5]

**Issue 2 – Merger of simple assault and rape**

_____

[5] Appellant also asserts that prior PCRA counsel provided ineffective assistance by failing to challenge his counsel waiver colloquy. ***See*** Appellant's Br. at 18-19. Allegations of ineffective assistance do not overcome the jurisdictional timeliness requirements of the PCRA. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005). Therefore, we are without jurisdiction to address this claim.

Appellant's second issue pertains to his 2016 resentencing. He asserts that his conviction of simple assault[6] merged with one of his two rape[7] convictions for purposes of sentencing. Appellant's Br. at 17-18. This claim presents a challenge to the legality of his sentence. **Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009). This Court may address it in the context of the PCRA if it is raised in a timely-filed petition. **Commonwealth v. Jones**, 932 A.2d 179, 183 (Pa. Super. 2007).

Here, Appellant's resentencing occurred on September 7, 2016. Appellant raised his legality of sentence issue on April 17, 2017, in the instant PCRA Petition filed within one year of the resentencing date. Accordingly, this Court has jurisdiction to address the merits of his claim.

In addressing a challenge to the legality of sentence, our standard of review is *de novo* and the scope of our review is plenary. **Baldwin**, **supra**, at 833.

As provided by our legislature, crimes merge for the purposes of sentencing if the "crimes [arose] from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. Thus, relevant to this case, simple

---

[6] 18 Pa.C.S. § 2701(a)(1) ("a person is guilty of assault if he [ ] attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]").

[7] 18 Pa.C.S. § 3121(a)(1) (defining rape as "sexual intercourse … by forcible compulsion").

assault and rape will merge if the charges arose from the same act. ***See***

***Commonwealth v. Simpson***, 462 A.2d 821, 825 (Pa. Super. 1983)

(observing that "if a simple assault is used to overcome the volition of a rape

victim and force her submission, the assault and the rape would be a single

act.").

Here, the PCRA court, which also sat as the trial court, concluded that

Appellant's "actions constituted two separate criminal acts and therefore he is

not entitled to merger of the Simple Assault and Forcible Rape charges." Tr.

Ct. Op., 4/6/21, at 12. In support, the court set forth a summary of the facts

before concluding:

> [This] brief analysis of the events that occurred on the night in question clearly establishes that [Appellant] committed two distinct criminal acts separated by Victim's attempt to change into her night-time clothing. The Simple Assault occurred prior to that when [Appellant] slapped and bit Victim. The rape offenses occurred after Victim [went into the bathroom and changed into her pajamas, then returned to her bedroom where Appellant] forcibly engaged in sexual intercourse with Victim. Although the offenses did occur over a short time frame, it is clear that [Appellant's] actions constituted two separate criminal acts and therefore he is not entitled to merger of the Simple Assault and Forcible Rape charges.

***Id.*** at 11-12. ***See also*** N.T., 3/6/2012, at 13-45 (testimony of victim).

Our review of the record and relevant case law supports the PCRA

court's concise summary and its well-reasoned analysis that these were two

distinct criminal acts and did not merge for sentencing purposes. We, thus,

conclude the PCRA court did not abuse its discretion or err as a matter of law

in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2021