J-A24036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JONATHAN THOMAS | : | No. 2625 EDA 2023 |

Appeal from the Order Entered September 13, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0011469-2022

BEFORE: LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                                    **FILED MARCH 4, 2025**

The Commonwealth of Pennsylvania ("Commonwealth") appeals from the order denying its motion to refile charges against Jonathan Thomas ("Thomas"). After careful review, we reverse and remand.

The relevant factual and procedural history underlying this appeal is as follows. The charges against Thomas arose from an incident that occurred on July 8, 2022, when he attempted to have sexual intercourse with the victim, Stephanie Foster ("Foster"), without her consent. Philadelphia Police arrested Thomas and charged him with robbery, theft, indecent exposure, and indecent assault.[1] Prior to the preliminary hearing, the Commonwealth amended the charges to include attempted rape, attempted sexual assault, unlawful

_____

[1] **See** 18 Pa.C.S.A. §§ 3701, 3921, 3127, 3126.

restraint, and false imprisonment.[2]  At the preliminary hearing, the Commonwealth called Foster to testify.  The trial court summarized her testimony as follows:

> On the date of the incident, Foster was a program manager at a recovery house where Thomas was a resident.  Foster had worked with Thomas prior to that day and on July 8, 2022, he arrived unexpectedly to see her in her office.  He entered her office, sat down across from her and shut the door.  She began to inquire as to the reason for his visit and reviewed information relating to an anger management program in which Thomas was involved.  She retrieved information on her computer and Thomas asked if he could look at it[,] so Foster invited him to come around her desk to share her computer screen with him.
>
> He walked around the desk, looked at the computer screen briefly and placed his hand on her thigh between her knee and hip for a second.  Foster immediately stood up, pushed his hand off, and told him that this was completely inappropriate.  She advised him that he had to leave and reached for her purse to get her phone.  When she turned around to face him, Thomas was standing at the end of her desk with his penis exposed and his genitals outside his pants.  A second or more later, he pushed Foster against the wall[,] and she felt pressure on her upper chest, lower neck and collarbone area.

Trial Court Opinion, 12/22/23, at 2-3 (paragraph break inserted).

Foster further testified that she struggled to fight Thomas off, but he held her arms and placed his arm against her upper chest, pinning her to the wall with such force that she still felt pain in her chest hours later.  *See* N.T., 4/19/23, at 10-12.  Foster could not see Thomas's penis while he pinned her up against the wall, but she "felt it."  *Id*. at 11.  She was able to get one of

_____

[2] *See* 18 Pa.C.S.A. §§ 3121, 3124.1, 2902, 2903.

her hands free and grab her cell phone, but Thomas grabbed it from her and threw it out of her reach. *See id*. at 12. Foster continued to fight Thomas off her as he held her against the wall. *See id*. At some point, Foster was able to press a button on her office phone, which was on her desk. *See id*. at 12. The phone "beeped," and Thomas left her office and the facility. *Id*. at 12-13.

Following the preliminary hearing, the municipal court dismissed the charges for attempted rape, attempted sexual assault, robbery, theft, and receipt of stolen property for lack of evidence, and held Thomas on the charges of indecent exposure, indecent assault, unlawful restraint, and false imprisonment. The Commonwealth filed a motion to refile the attempted rape and attempted sexual assault charges in common pleas court. The trial court conducted a refile hearing at which the Commonwealth introduced the notes of testimony from the preliminary hearing. On September 13, 2023, the trial court entered an order denying the motion to refile based on the court's determination that the Commonwealth failed to meet its burden of establishing a *prima facie* case for attempted rape and attempted sexual assault. The Commonwealth filed a timely notice of appeal, and both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issue for our review: "Did sufficient evidence support a *prima facie* case of attempted rape and attempted sexual assault, where it showed that [Thomas] intended to rape

- 3 -

and sexually assault the victim and that he took a substantial step towards the commission of those crimes?" Commonwealth's Brief at 6.

Whether the Commonwealth met its burden of presenting a *prima facie* case presents a question of law. **See Commonwealth v. Wroten**, 257 A.3d 734, 742 (Pa. Super. 2021). Accordingly, our standard of review is *de novo*, and our scope plenary. **See id**.

At the preliminary hearing stage of a criminal prosecution, the Commonwealth's burden is not to prove a defendant's guilt beyond a reasonable doubt; rather, it is merely to put forth a *prima facie* case of the defendant's guilt." **Commonwealth v. Huggins**, 836 A.2d 862, 866 (Pa. 2003). The Commonwealth carries its burden of showing a *prima facie* case when it "produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense." **Id**. (citation omitted). The court at the preliminary hearing must determine whether there is *prima facie* evidence "that (1) an offense has been committed and (2) the defendant has committed it." Pa.R.Crim.P. 542(D). In making this determination, the court must consider the evidence in the light most favorable to the Commonwealth's case and make all inferences reasonably drawn from the evidence of record in the Commonwealth's favor. **See Commonwealth v. Perez**, 249 A.3d 1092, 1102 (Pa. 2021).

A person commits the offense of sexual assault "when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S.A. § 3124.1. A person commits the offense of rape when he "engages in sexual intercourse with a complainant . . . [b]y forcible compulsion." 18 Pa.C.S.A. § 3121(a)(1). Forcible compulsion is defined as "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S.A § 3101. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a); **see also Commonwealth v. Henley**, 474 A.2d 1115, 1118 (Pa. 1984) (explaining that the two elements of the offense of attempt required by the crimes code are "that the actor intend to commit an offense; and . . . that the actor take a substantial step toward completion of the offense").

The Commonwealth argues that there was sufficient evidence to establish a *prima facie* case for the charges of attempted rape and attempted sexual assault. The Commonwealth points out that that the preliminary hearing evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury. The Commonwealth contends that it presented sufficient testimony from the victim to permit a reasonable inference that Thomas intended to rape and sexually assault her, and that he took a substantial step towards

committing those crimes.  Furthermore, the Commonwealth maintains that it presented at least enough evidence to go to trial.

The trial court considered the Commonwealth's issue and determined that it lacked merit.  The trial court reasoned:

> The Commonwealth failed to present sufficient evidence to establish a *prima facie* case for attempted rape and attempted sexual assault.  Thomas placed his hand on Foster's thigh between her knee and hip which was removed instantly.  Thomas's penis was exposed prior to him holding Foster's arms against the wall where she felt pressure to her lower neck, collarbone and chest.  There was no pressure or contact to Foster's intimate or private areas by Thomas in the record.  When he came in contact with Foster, she did not see his penis exposed and did not know if it was erect or flaccid.  There was no evidence that Thomas verbally threatened to rape or sexually assault Foster.  There was no evidence that he removed or attempted to remove her clothes.  There was insufficient evidence presented to show that Thomas took a substantial step to rape or sexually assault Foster.

Trial Court Opinion, 12/22/23, at 6.

After a thorough review of the relevant law and certified record, we reject the trial court's reasoning and instead conclude that the facts presented demonstrate that the Commonwealth met its burden to provide *prima facie* evidence that Thomas intended to rape and sexually assault Foster and that he took a substantial step towards the commission of those crimes.  Here, Thomas closed the door upon entering Foster's office, used a pretext to physically approach her, placed his hand on her thigh without her consent, and when she attempted to move away, he exposed his penis and genitals and immediately pinned her against the wall with the front of his body.  Foster struggled to break free as Thomas held her arms and pressed one of his arms

against her collar bone. Foster could not see Thomas's exposed penis while he pinned her up against the wall, but she testified that she "felt it." N.T., 4/19/23, at 11. This testimony, when considered in the light most favorable to the Commonwealth's case, permits a reasonable inference that Foster could feel Thomas's exposed penis because it was erect as he was forcing himself against her body. Foster was able to get one of her hands free and grab her cell phone, but Thomas snatched it from her and threw it out of her reach, ostensibly to prevent her from calling for help. This evidence is sufficient to demonstrate that Thomas both intended to commit and took a substantial step towards committing the crimes of attempted rape and attempted sexual assault. *See Commonwealth v. Faison*, 297 A.3d 810, 831 (Pa. Super. 2023) (finding sufficient evidence for attempted rape where the defendant pinned the victim against a wall, forcibly removed her pants, and made explicit statements indicating his intent to have sexual intercourse with her); *see also Commonwealth v. Hoover*, 279 A.3d 1252(Pa. Super. 2022) (unpublished memorandum at *7-8) (noting that a variety of acts, even without a specific sexual act or removal of clothing, could constitute a substantial step towards attempted rape, such as applying pressure to the victim's throat and starting to remove one's own pants);[3] *Commonwealth v. Chance*, 485 A.2d 1371, 1374 (Pa. Super. 1983) (reiterating well-established law that an intent to

_____

[3] *See* Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

commit rape "may be inferred from the actions of the defendant in light of all attendant circumstances"); ***Commonwealth v. Simpson***, 462 A.2d 821, 824 (Pa. Super. 1983) (finding that defendant applying pressure to victim's throat and starting to remove his pants constituted a substantial step toward commission of rape). Thus, we conclude that the trial court erred in determining that the Commonwealth's evidence was insufficient to hold Thomas for trial on the charges of attempted rape and attempted sexual assault. Accordingly, we reverse the trial court's order denying the Commonwealth's motion to refile charges for attempted rape and attempted sexual assault, and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/4/2025