J-S66021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN JONES | |
| Appellant | No. 115 MDA 2016 |

Appeal from the Judgment of Sentence September 10, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003085-2014
CP-40-CR-0004129-2014

BEFORE: BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 24, 2016**

Appellant, Ryan Jones, appeals from the judgment of sentence entered after a jury convicted him of burglary and simple assault. Additionally, Appellant's court-appointed counsel, Matthew P. Kelly, Esquire, has filed an application to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

At trial, the Commonwealth presented evidence that Jones had broken into the residence of the victim, held a knife to the victim's throat, and threatened to kill him. After the jury returned its guilty verdict, Jones pled

guilty to a charge of terroristic threats arising from his conduct while in custody awaiting trial.

The trial court imposed a sentence of 4 to 8 years on the burglary charge and a consecutive 3 to 6 months imprisonment on the terroristic threats charge. The burglary sentence reflected the court's conclusion that Jones had utilized a deadly weapon in committing the burglary.

Jones's trial counsel declined to file a post-sentence motion, but filed a timely notice of appeal. Trial counsel subsequently withdrew, and Attorney Kelly was appointed to represent Jones on appeal.

On appeal, Attorney Kelly has moved for permission to withdraw as counsel and has submitted an *Anders* brief in support thereof contending that Appellant's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361 (Pa. 2009). Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent

judgment to decide whether the appeal is in fact wholly frivolous." *Id*. at 355 n.5 (citation omitted).

Counsel has complied[1] with the technical requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirms that he sent a copy of the *Anders* brief to Appellant, as well as a letter explaining that Appellant has the right to proceed *pro se* or the right to retain new counsel. Counsel has appropriately appended a copy of the letter to the motion to withdraw, as required by this Court's decision in *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005). *See also Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010).

Attorney Kelly sets forth two issues for our review in his *Anders* brief. Jones has not filed a response to Attorney Kelly's brief.

The first issue identified by Attorney Kelly is a challenge to the trial court's application of the deadly weapon enhancement. Jones concedes that this claim raises a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*).

We review such challenges in the following manner.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

---

[1] However, we note that Attorney Kelly's *Anders* brief is best described as the bare minimum required to meet the requirements set forth in *Santiago*.

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hoch*, 936 A.2d 515, 517-518 (Pa. Super. 2007) (citation omitted).

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. *See id.*, at 518 (citation omitted). An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

Jones filed a timely notice of appeal and preserved this argument by presenting it at his sentencing hearing. *See* N.T., Sentencing, 9/10/15, at 4. Furthermore, Attorney Kelly has included the required Pa.R.A.P. 2119(f) statement in his brief. Furthermore, Jones's challenge to the application of the deadly weapon enhancement raises a substantial question. *See*

*Buterbaugh*, 91 A.3d at 1267. Thus, Jones is in technical compliance with the requirements to challenge the discretionary aspects of his sentence.

Jones argues that the sentencing court was not empowered to make a factual finding that he used a deadly weapon pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). However, this Court has rejected that argument. *See Buterbaugh*, 91 A.3d at 1270 n.10. We agree with Attorney Kelly that this issue is meritless.

In his second issue, Attorney Kelly notes that Jones desires to challenge the sufficiency of the evidence supporting his conviction for burglary. A challenge to the sufficiency of evidence implicates the following principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing *all the evidence admitted* at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted) (emphasis added).

Jones challenges the sufficiency of the evidence to support his burglary conviction. "Under Pennsylvania law the crime of burglary is defined as an unauthorized entry with the intent to commit a crime after entry." *Commonwealth v. Alston*, 651 A.2d 1092, 1094 (Pa. 1994) (citing 18 Pa.C.S.A. § 3502). The Commonwealth presented the testimony of the victim at trial. He testified that when Jones appeared at his back door, he told Jones to "go away." N.T., Trial, 6/17/15, at 35. Jones proceeded to kick down the door. *See id.*, at 36. The victim told Jones to go away two more times, but Jones proceeded to put a knife to the victim's throat. *See id*. This evidence is sufficient to support Jones's conviction for burglary. We therefore agree with Attorney Kelly that this claim is frivolous.

After examining the issues contained in the *Anders* brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016