J-A28010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES HOLLAND | |
| Appellant | No. 3283 EDA 2015 |

Appeal from the Judgment of Sentence July 15, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005281-2014

BEFORE: PANELLA, J., SHOGAN, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED February 27, 2017**

Appellant, James Holland, appeals from the judgment of sentence entered after a jury convicted him of burglary and conspiracy to commit burglary.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On July 13, 2014, police responded to a 911 call reporting a burglary in progress. The caller stated he lived next door to the property, and that his neighbor, Frank Benditt, was away on vacation. When police arrived, they found Appellant inside the home with his accomplice, Waleska Nunez.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(2), 903.

[2] Ms. Nunez's first name is subject to a variety of spellings throughout the certified record.

Appellant was holding a purple drawstring bag with several items inside belonging to Mr. Benditt. Appellant attempted to discard the bag and flee the premises, but was unsuccessful. Other items belonging to Mr. Benditt were found in bags throughout the house and outside the premises. Officers discovered several credit cards in Mr. Benditt's name in Appellant's pockets. They subsequently arrested Appellant and Nunez. Nunez told police she and Appellant had entered the house in order to have sex. Nunez later admitted she and Appellant had planned to steal items from the home and pawn them, in order for Appellant to pay her for sex with the proceeds.

Appellant proceeded to jury selection, at which time Appellant's counsel raised a **Batson**[3] challenge and requested that the jury not be seated. The court denied counsel's request. The case continued to trial, and the jury convicted Appellant of burglary and criminal conspiracy.

The court sentenced Appellant to an aggregate term of 51-162 months' incarceration, plus five years' probation. Appellant timely filed a post-sentence motion. The court denied Appellant's motion, and he appealed to this Court.

Appellant raises two issues for our review:

> Did the [trial court err] by finding that the Commonwealth presented sufficient evidence to support a verdict of guilty for the crimes of criminal conspiracy to commit burglary and burglary?

---

[3] **Batson v. Kentucky**, 476 U.S. 79 (1986).

Did the trial court fail to declare a mistrial and improperly permit the dismissal of four jurors who were African-American after a **Batson** challenge by defense counsel?

Appellant's Brief, at 2.

In his first issue, Appellant argues that the Commonwealth must establish more than simply his unauthorized entry into an occupied structure to prove the crime of burglary. Appellant asserts the Commonwealth failed to prove his intent to commit a crime once inside, since Nunez stated the two entered the home to have sex. Alternatively, Appellant insists Nunez was an unreliable witness, since she admitted to being a drug user. Appellant also objects to the Commonwealth's failure to fingerprint the home, and the Commonwealth's reliance on Mr. Benditt's inventory of his missing and moved belongings. Appellant concludes the Commonwealth presented insufficient evidence to support his convictions for burglary and conspiracy.

Preliminarily, this Court has held that

[i]f [an appellant] wants to preserve a claim that the evidence was insufficient, then the [Rule] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a Rule] 1925(b) statement does not specify the allegedly unproven elements[,] … the sufficiency issue is waived on appeal.

**Commonwealth v. Tyack**, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted).

Instantly, Appellant's Rule 1925(b) statement asserted, "Appellant

submits that the evidence produced by the Commonwealth was insufficient as a matter of law to sustain [its] burden of proving the Appellant guilty beyond a reasonable doubt." Appellant's Concise Statement of Matters Complained of on Appeal, filed 11/30/15. This statement failed to object to any particular element or elements of Appellant's convictions as resting upon insufficient evidence. Indeed, as the trial court notes, Appellant's Rule 1925(b) statement fails to specify even which conviction he objects to as sustained by insufficient evidence. Despite the Commonwealth's failure to raise waiver in its appellate brief, we find Appellant did not preserve this issue for our review. *See Tyack*, 128 A.3d at 261 (holding Commonwealth's failure to object to Rule 1925(b) statement is not pertinent to this Court's analysis). Consequently, we find Appellant's sufficiency challenge waived on appeal.

Moreover, even if Appellant had not waived his sufficiency challenge, we would have found it without merit. "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Commonwealth v. Mauz*, 122 A.3d 1039, 1041 (Pa. Super. 2015) (citation omitted). "Under Pennsylvania law the crime of burglary is defined as an unauthorized entry with the intent to commit a crime after entry." *Commonwealth v. Alston*, 651 A.2d 1092, 1094 (Pa. 1994). A conspiracy conviction requires that the Commonwealth established "that the defendant (1) entered into an agreement to commit or aid in an unlawful act with

- 4 -

another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy." *Commonwealth v. McCall*, 911 A.2d 992, 996 (Pa. Super. 2006) (citation omitted).

Here, the Commonwealth showed at trial that police caught Appellant inside the residence. Mr. Benditt testified unequivocally that Appellant did not have authorization to enter his home. Ms. Nunez, Appellant's accomplice, testified that she agreed to have sex with Appellant in exchange for money. Ms. Nunez testified that Appellant did not have money at the time, but that he proposed breaking into the home and stealing items to pawn in order to pay her for sex.[4] She agreed to the plan, and the two attempted to cut open a window screen in Mr. Benditt's home before entering through the basement door. Once inside, Ms. Nunez testified she helped Appellant place Mr. Benditt's possessions into bags in order to remove them from the home. One of the police officers who responded to the scene and apprehended Appellant and Ms. Nunez testified he found the

---

[4] Throughout trial and again on appeal, Appellant argued that he intended to go in the house to have sex with Ms. Nunez, not to commit a theft. However, Ms. Nunez specifically testified that Appellant agreed to pay her for sex. *See* Notes of Testimony, 5/13/15, at 119. Appellant did not dispute this aspect of Ms. Nunez's testimony. Patronizing prostitutes is an offense under 18 Pa.C.S.A. § 5902. Burglary requires intent to commit a crime following an unauthorized entry, but does not specify a particular crime to be committed. While the Commonwealth presented sufficient evidence to show Appellant intended to commit a theft while inside the home, Appellant's contention that he did not commit a burglary because he unlawfully entered Mr. Benditt's home in order to have sex with Ms. Nunez would be unavailing.

pair inside Mr. Benditt's home, and that Appellant attempted to flee several times. The officer testified that Appellant was holding a bag full of items from the home, and Appellant's pockets contained credit cards belonging to Mr. Benditt. Based on the foregoing, we would have found that the Commonwealth presented sufficient evidence to sustain Appellant's convictions for burglary and conspiracy.

In Appellant's second issue on appeal, he challenges the trial court's refusal to grant a mistrial for an alleged **Batson** violation by the Commonwealth. Appellant maintains that, as an African-American, he is a member of a cognizable racial group. Appellant contends the Commonwealth struck four prospective African-American jurors from the jury pool, but only gave reasons for doing so in two instances. Appellant alleges the court inappropriately placed the burden on the defense to identify the venirepersons at issue. Appellant concedes the record is undeveloped as to permit a full review of this challenge; nevertheless, he insists he established a *prima facie* case under **Batson**. Appellant concludes this Court must remand the matter for further development of the record. We disagree.

Our Supreme Court has previously articulated the requirements for bringing a **Batson** claim as follows:

> To establish a *prima facie* case under **Batson**, the defendant must prove that: he is a member of a cognizable racial or ethnic group; the [Commonwealth] exercised its peremptory challenges to remove members of such group from the venire; and other relevant circumstances raise an inference that the [Commonwealth] used peremptory challenges to exclude

venirepersons from the same racial or ethnic group. In connection with this inquiry, the defendant is entitled to rely on the fact that peremptory challenges constitute a jury selection practice that permits those to discriminate who are of a mind to discriminate. The necessary *prima facie* case (i.e., inference of discrimination) may be demonstrated by reference to the totality of relevant circumstances. For example, the inference may derive from a pattern of strikes against minority jurors or from the manner of the prosecution's questions and statements during *voir dire* examination.

On appeal, in determining whether a defendant has established a *prima facie* case of a **Batson** violation … this Court has generally enforced a requirement of a full and complete record of the asserted violation. Specifically, the defendant has been required to present a record identifying the race or ethnicity of the venirepersons stricken by the Commonwealth, the race of prospective jurors acceptable to the Commonwealth but stricken by the defense, and the racial composition of the final jury selected.

**Commonwealth v. Uderra**, 862 A.2d 74, 84 (Pa. 2004) (internal citations and quotation marks omitted).

Instantly, Appellant's contentions fall far short of meeting this standard. Appellant's argument that the trial court improperly placed the burden on the defense to develop a full record is inapposite. The defense is required to, at minimum, identify the race or ethnicity of the venirepersons whom the Commonwealth excluded using peremptory challenges. As trial began, Appellant's counsel attempted to renew his objection to the composition of the jury panel without success. **See** Notes of Testimony, 5/13/15, at 4. Appellant's counsel was unable to remember even how many African-Americans the Commonwealth struck from the venire, let alone identifying details such as the names or juror numbers of those persons.

*See id*., at 5. Counsel failed to offer any other evidence of circumstances to raise an inference that the Commonwealth used peremptory challenges to eliminate African-American prospective jurors because of their race. Clearly, Appellant failed to establish a *prima facie* case under **Batson**.

Despite this, counsel for the Commonwealth nonetheless volunteered that she recalled using peremptory strikes on three African-American jurors. Of the three, she specifically remembered two, including their juror numbers. She stated she used a peremptory challenge to strike one juror whom she was concerned had too much prior experience testifying in court, and stated Appellant's counsel agreed at the time that the juror should be excluded from the pool. **See** Notes of Testimony, 5/13/15, at 6. She used another to strike a juror who rolled her eyes and seemed inattentive. **See id**.

The record reveals no evidence that the Commonwealth exercised peremptory challenges to exclude jurors based on race. Appellant's inability to make a *prima facie* case under **Batson** precludes us from granting relief on his claim. Appellant is unable to expose even mere doubts about the use of strikes which might encourage a remand for a fuller record. Consequently, we decline to grant Appellant's request to remand for development of his **Batson** claim. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/27/2017