J-A18019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ATIBA WILSON | |
| Appellant | No. 1045 WDA 2016 |

Appeal from the Judgment of Sentence June 6, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003580-2015
CP-02-CR-0012661-2015

BEFORE:  BOWES, J., LAZARUS, J., AND OTT, J.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED:  OCTOBER 24, 2017**

I agree that Appellant's suppression challenge at criminal case 2015-12661 must fail and therefore concur regarding that issue.  I respectfully dissent from the learned majority's decision to vacate Appellant's burglary conviction at criminal case 2015-03580, as I would hold that the Commonwealth's evidence sufficed to establish the essential elements of that crime.

The criminal information charging Appellant with burglary stated as follows:

> The actor, with the intent to commit a crime therein, entered a building or occupied structure, namely 7428 Palmer Street, Apartment 1, Swissvale, PA 15218 or a separately secured or occupied portion thereof that was adapted for overnight

accommodation, in which, at the time, no person was present, in violation of Sections 3502(a)(2) and (c)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. §3502(a)(2) and (c)(1), as amended.

Criminal Information, Docket Entry 2. The fact that the Commonwealth did not allege that Appellant intended to commit a particular crime is essential to my disposition, as, unlike the Majority, I do not find that the conviction must be vacated simply because the Commonwealth could not establish that Appellant intended to commit the specific crime of flight to avoid apprehension.

In **Commonwealth v. Alston**, 651 A.2d 1092, 1094 (Pa. 2004), our Supreme Court held that the Commonwealth was not required to prove nor allege what particular crime a defendant intended to commit in order to prove burglary. Accordingly, the Commonwealth must only establish the "specific intent, at the time of entry, to commit *some* crime while in the residence, which was satisfied upon a showing of a general criminal intent inferred from the totality of the circumstances[.]" **Id**. at 1092 (emphasis in original).

The Majority's result does not analyze whether the evidence sufficed to establish that Appellant committed **some** crime, but instead focuses on whether Appellant committed a **specific** crime. This narrow inquiry results from the prosecutor's explicit reference to the crime of flight to avoid apprehension. Majority Memorandum at 5. The Majority correctly notes

that, pursuant to **Commonwealth v. Phillips**, 129 A.3d 513 (Pa.Super. 2016), Appellant could not be found guilty of flight to avoid apprehension because he had yet to be formally charged with a crime.  The Majority then determines that its holding is not inconsistent with **Alston**, because it was legally impossible for Appellant to commit that crime.

> Wilson is not asserting that the Commonwealth had to charge him with or prove the crime of flight to avoid apprehension to sustain his burglary conviction. Rather, he argues that he could not have had the requisite intent to commit a crime (here, flight to avoid apprehension) for burglary purposes, where the intended crime itself, or at least that which the Commonwealth stated he was intending to commit therein, requires that he has first been charged with or convicted of *any* crime.
>
> Because the Commonwealth specified that Wilson intended to commit the crime of flight to avoid apprehension when he entered the structure and Wilson had not yet been charged with or convicted of a crime at the time he entered the residence, there was no way he could have had the intent to commit the crime of flight to avoid apprehension.

Majority Memorandum at 6 (emphasis in original).

Respectfully, I am not persuaded.  My esteemed colleagues hold that the set of possible crimes that would satisfy the generic criminal intent of burglary is limited to the crime of flight to avoid apprehension, because the prosecutor "specified" that crime.  However, the prosecutor referenced that crime during the non-jury proceedings.  The criminal information did not allege that crime, which is the pertinent consideration.  **Alston**.

Thus, I interpret the Majority to attach dispositive significance to the prosecutor's legal arguments.  However, "[A] prosecutor's comments are not

- 3 -

evidence and the court clearly instructed the jury on this rule of law."

***Commonwealth v. Johnson***, 668 A.2d 97, 107 (Pa. 1995).[1]  Therefore, the

Majority does not fully address the fact that our sufficiency analysis is

conducted *de novo*.  The question is whether a rational fact-finder could find

the essential elements of the crime as charged in the information, not

whether the fact-finder could find the essential elements of the crime

referenced by the prosecutor's remarks.  We must determine "whether the

evidence at trial, and all reasonable inferences derived therefrom, are

sufficient to establish all elements of the offense beyond a reasonable doubt

when viewed in the light most favorable to the Commonwealth as verdict

winner."  ***See Commonwealth v. Haney****,* 131 A.3d 24, 33 (Pa. 2015)

(citations omitted).  Our Supreme Court has noted that the "ultimate

question of evidentiary sufficiency parallels the central inquiry under the

***Jackson*** standard, namely, whether any 'rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt.'"

***Commonwealth v. Brown***, 617 Pa. 107, 148, 52 A.3d 1139, 1164 (Pa.

2012) (quoting ***Jackson v. Virginia***, 443 U.S. 307, 319 (1970)).

In my view, the evidence supports a finding that Appellant entered the

building with a generic criminal intent to commit some crime, to wit, the

---

[1] Since this matter was tried non-jury, the adequacy of any jury instruction regarding this element is not at issue.

continuing crime of escape. "A person commits an offense if he unlawfully removes himself from official detention[.]" 18 Pa.C.S. § 5121(a). "Official detention" is defined as:

> arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but the phrase does not include supervision of probation or parole, or constraint incidental to release on bail.

18 Pa.C.S.A. § 5121(e). Our case law has interpreted the phrase "any other detention for law enforcement purposes" to encompass a seizure.

> We must decide whether the phrase "any other detention for law enforcement purposes" extends to a pre-arrest situation such as that described above. 18 Pa.C.S.A. § 5121. Officer Patterson's testimony, that he was in uniform, in a marked police car, had his gun drawn because the dispatcher had alerted him that Stewart had a weapon, and had ordered Stewart to turn the car off, was, in our opinion, sufficient to alert Stewart that he was being "officially detained." It is not necessary that the suspect be physically restricted by bars, handcuffs, or locked doors. Escape encompasses more than the traditional notion of a prisoner scaling a prison wall.

*Commonwealth v. Stewart*, 648 A.2d 797, 798 (Pa.Super. 1994).

The facts herein established that Appellant and two other males were seized at gunpoint by a police officer due to a report of two males brandishing a firearm.[2] "[Appellant] did not comply with the order to

---

[2] The "detention for law enforcement" language does not refer to a lawful, *i.e.* proper under the Fourth Amendment, detention. In any event, Appellant did not challenge whether the seizure was proper.
*(Footnote Continued Next Page)*

remove his hands from his pockets but his companions did. At that point, [Appellant] fled the scene." Trial Court Opinion, 1/18/17 at 7. The facts further establish that, during the subsequent foot chase, Appellant entered a structure in an attempt to evade the police. I would hold that a rational fact-finder could infer the general criminal intent from the totality of those circumstances, especially when Appellant himself acknowledged that "he ran in an attempt to hide from the police." *Id*. at 8 (citations to transcript omitted). I would therefore affirm the burglary conviction.

*(Footnote Continued)* ────────────