**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIE BATES, | : | |
| | : | |
| Appellant. | : | No. 1858 EDA 2018 |

Appeal from the PCRA Order Entered, May 16, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0008130-2016.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:                      **FILED JULY 10, 2019**

Willie Bates appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history are as follows:  On Monday, August 6, 2016, at approximately 5 p.m., Bates walked up to the victim, Brent Rafferty, on the 5800 block of Summerdale Avenue at the intersection of Alcott Street in the City of Philadelphia.  After a short conversation, Bates pulled a firearm and shot Mr. Rafferty six times.  Rafferty died from his wounds.  A nearby security camera captured the entire incident.

Following his arrest, Bates and the Commonwealth entered into negotiations that concluded when Bates agreed to enter a negotiated guilty plea to one count of third-degree murder, two firearm violations, and one

_____

*   Retired Senior Judge assigned to the Superior Court.

count of possession of an instrument of crime. In exchange, the Commonwealth agreed to recommend an aggregate sentence of 26-55 years of incarceration. On February 14, 2017, the trial court accepted Bates' guilty plea and sentenced him in accordance with the negotiated sentence. Bates filed neither a post-sentence motion, nor a direct appeal.

On October 23, 2017, Bates filed a timely *pro se* PCRA petition. In this petition, Bates claimed that the trial court lacked subject matter jurisdiction over him because the bills of information in his case "failed to allege formal, specific, and jurisdictionally required factual allegations." *Pro Se* PCRA Petition, 10/23/17, at ¶ 6(b). In addition, he asserted that his sentence was illegal, and it was "increased, enhanced [or] aggravated based on facts not alleged in the [bills] of information, admitted to by [Bates], or consented to by [Bates] for judicial fact-finding." **Id.** Finally, he alleged that trial counsel was ineffective for failing to move to dismiss the charges based on the defective bills of information and failing to ensure that he received a legal sentence.

The PCRA court appointed counsel and, on March 22, 2018, PCRA counsel filed a "no-merit" letter and motion to withdraw pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On April 9, 2018, PCRA counsel filed a supplemental **Turner**/**Finley** letter addressing the ineffectiveness claim concerning plea counsel's failure to raise a jurisdictional defense to the charges the Commonwealth filed against him.

- 2 -

On April 12, 2018, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Bates' PCRA petition without a hearing. Bates filed a response. On May 15, 2018, PCRA counsel filed a response to Bates' response to the PCRA court's Rule 907 notice. By order entered May 16, 2018, the PCRA court denied Bates' PCRA petition and granted PCRA counsel's motion to withdraw. This appeal followed. Both Bates and the PCRA court have complied with Pa.R.A.P. 1925.

Bates raises the following issue on appeal:

1. Did the PCRA court err in not granting PCRA relief, and was PCRA counsel ineffective for failing to file an amended petition asserting trial counsel's ineffectiveness for not advising Bates, prior to advising him to plead guilty, that his Sixth and Fourteenth Amendment rights were violated due to the Commonwealth's failure to lawfully invoke the trial court's subject matter jurisdiction when the Commonwealth filed a fatally defective bill of information, that the sentencing terms of the negotiated plea were not merely "illegal," but unconstitutional and violative of the Sixth and Fourteenth Amendments, and the Commonwealth's statutory, guided, advisory and indeterminate sentencing scheme was unconstitutional under the Sixth and Fourteenth Amendments?

Bates' Brief at 2.[1]

_____

[1] Bates also raises a second issue in which he raises PCRA court error and additional ineffectiveness allegations based upon the United States Supreme Court's decision in ***Class v. U.S.***, 138 S.Ct. 798 (2018). In his brief, however, Bates concedes that his claims based upon ***Class*** were not properly before the PCRA Court. ***See*** Bates' Brief at 28. Thus, we will not consider his second issue further.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

When the PCRA court has dismissed a petitioner's PCRA petition without an evidentiary hearing, we review the PCRA court's decision for an abuse of discretion. *Commonwealth v. Roney*, 79 A.2d 595, 604 (Pa. 2013). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. *Id.* To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. *Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

- 4 -

Before addressing the merits of Bates' issue, we must first determine whether we should quash his appeal as untimely because Bates did not meet his burden pursuant to the "prisoner mailbox rule." *See Commonwealth v. Demora*, 149 A.3d 330, 331 (Pa. 2016) (reiterating this Court may raise the issue of jurisdiction *sua sponte*). As this Court has recently reiterated "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. DiClaudio*, 2019 WL 2182609 at *2, ___ A.3d ___, ___ (Pa. Super. 2019) (quoting *Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011)).

The PCRA court found that Bates failed to meet his burden:

> [I]t appears that [Bates'] appeal of this Court's order dismissing his PCRA petition was not filed timely. A notice of appeal is filed timely if it is filed within thirty days after entry of the order for which the appeal is taken. Pa.R.A.P. 903. [Bates'] PCRA Petition was dismissed as meritless on May 16, 2018, which gave [Bates] until June 14, 2018, to file a notice of appeal. [Bates'] notice of appeal envelope was time stamped Monday, June 18, 2018.
>
> The Commonwealth of Pennsylvania follows the prisoner mailbox rule, which holds that a *pro se* appeal by a prisoner is considered filed on the date of delivery of the appeal to prison authorities or when the appeal is placed in the institution's mailbox. *Smith v. Pennsylvania Br. Of Probation & Parole*, 683 A.2d 278, 281 (Pa. 1996). [Bates] dated his notice of appeal June 14, 2018, the last day to file the notice timely. There is no indication when the notice of appeal was delivered to prison authorities, but the posted date stamped on the front of the envelope is Monday June 18, 2018, four days after time had run to file a timely notice of appeal. There is no evidence that [Bates] delivered his notice of appeal to prison authorities on June 14, 2018.

- 5 -

> Absent proof that the notice of appeal was delivered to prison authorities, or placed in the institution's mailbox on June 14, 2018, it appears that [Bates'] notice of appeal is untimely, barring review.

PCRA Court Opinion, 8/23/18, at 7. The Commonwealth echoes the PCRA court's belief that Bates has failed to meet his burden of proof under the prisoner mailbox rule. **See** Commonwealth's Brief at 8-10.

We decline to quash this appeal. As correctly acknowledged by the Commonwealth, Bates' deadline for filing a timely notice of appeal was Friday, June 15, 2018. **Id.** at 8. The *pro se* notice of appeal is dated June 14, 2018. Within his brief, Bates avers that he placed the notice of appeal in the mailing facilities within the prison the next day. Bates' Brief at 8. Bates further avers that the mail is not picked up for processing on the weekends and, for that reason, the mail was not processed until the following Monday, June 18, 2018. **See id.** Given these circumstances, we conclude that the prisoner mailbox rule should apply. We therefore reach the merits of Bates' issue raised on appeal.

In his sole appellate issue, Bates challenges PCRA counsel's ineffectiveness for failing to amend his PCRA petition to raise trial counsel's alleged ineffectiveness for failing to raise an issue of subject matter jurisdiction and for failing to ensure that his sentence was not illegal.[2]

___

[2] Bates properly preserved his claim of PCRA counsel's ineffectiveness by raising it in his response to the PCRA court's Rule 907 notice. **See Commonwealth v. Pitts**, 981 A.2d 875, 879 n.3 (Pa. 2009).

- 6 -

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533.

This Court has summarized the following regarding claims that the entry of a guilty plea was the result of ineffective assistance of counsel:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance caused the defendant to enter an involuntary plea[.]

---

Throughout his brief, Bates raises additional arguments, based on federal court decisions regarding "the Commonwealth's abdication of its Tenth Amendment sovereign state police power" and his "newly-recognized Sixth Amendment right to 'self-autonomy.'" Bates' Brief at 6-10. Because Bates did not sufficiently raise these claims in his PCRA petition, they are not properly before us. ***See generally***, ***Commonwealth v. Colavita***, 993 A.2d 874 (Pa. 2010); Pa.R.A.P. 903(a).

> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citations omitted). In essence, Bates asserts that trial counsel's shortcomings induced him to enter a guilty plea.

The PCRA court concluded that both claims of trial counsel's ineffectiveness lacked merit. At the time the Commonwealth filed bills of information against Bates,[3] Rule 560 provided as follows:

**Rule 560. Information:  Filing, Contents, Function**

(A)   After the defendant has been held for court following a preliminary hearing or an indictment, the attorney for the Commonwealth shall proceed by preparing an information and filing it with the court of common pleas.

(B)   The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

(1)   a caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania;

(2)   the name of the defendant, or if the defendant is unknown a description of the defendant as nearly as may be;

(3)   the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential

---

[3] Rule 560(B) was amended on June 1, 2018, to add a seventh subsection not applicable to this appeal.

element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;

(4) the county where the offense is alleged to have been committed;

(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint; and

(6) a concluding statement that "all of which is against the Act of Assembly and the peace and dignity of the Commonwealth."

(C) The information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.

(D) In all court cases tried on an information, the issues at trial shall be defined by such information.

Pa.R.Crim.P. 560.

The PCRA court first found that when it filed the bills of information against Bates, the Commonwealth fully complied with Pa.R.Crim.P. 560, which provided the required contents of an information in order for it to be "valid and sufficient in law." **See** Pa.R.Crim.P. 560(B). As the PCRA court explained:

The Commonwealth filed a bill of information in this matter on September 22, 2016, after [Bates] was held for court following a preliminary hearing. The bill of information included all the above required information including a concise statement of each of the essential elements alleged in the complaint, as required by § 560(B)(5). Further, the

> bill of information alleged that the offenses all occurred within the City and County of Philadelphia. Therefore, [Bates'] claim that this Court did not have jurisdiction over this matter because of a defective bill of information is meritless.

PCRA Court Opinion, 8/23/18, at 9-10.

Our review of the record supports the PCRA court's conclusion. "To invoke the subject matter jurisdiction of a Court of Common Pleas, the Commonwealth must confront the defendant with a formal and specific accusation of the crimes charged." *Commonwealth v. McNeil*, 665 A.2d 1247, 1251 (Pa. Super. 1995). Here, this notice requirement was satisfied in September 2016 when the Commonwealth filed the criminal information at issue. "The purpose of an information is to provide the accused with sufficient notice to prepare a defense, and to ensure that he will not be tried twice for the same act." *Commonwealth v. Alston*, 651 A.2d 1092, 095 (Pa. 1994). "An information is sufficient if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet, and may plead double jeopardy in a future prosecution based on the same set of events." *Id.*

Bates' claims that the information the Commonwealth filed was defective because it "did not charge jurisdictionally-required facts and/or misconduct, enabling [him] to prepare a defense to the formal charges brought by the Commonwealth, and enable him to plead double jeopardy for the same cause." Bates' Brief at 4. He further contends that the criminal information was not "sufficient and valid at law to allow the trial court, or this

Court to ensure the facts alleged *in the information* were sufficient to support a conviction." *Id.* (emphasis in original). We disagree.

Bates' claim lacks merit because "factual allegations" are not a required component of a valid bill of information. *See* Pa.R.Crim.P. 560(B), *supra*. In addition, Bates fails to explain how the averment that he was responsible for "shooting" the victim did not give him adequate notice in order to prepare a defense. *See Commonwealth v. Chambers*, 852 A.2d 1197, 1199 (Pa. Super. 2004 (holding that a criminal information was not required to specify the degree of murder). Thus, this claim of trial counsel's ineffectiveness fails.

The trial court also found no merit to Bates' claim of trial counsel's ineffectiveness regarding the legality of his sentence. The PCRA court explained:

> All of the sentences imposed were within statutory limits allowed by law. [Bates] faced and aggregate maximum penalty of 28.5 - 57 years. However, [Bates] was sentenced to 26 – 55 years pursuant to the negotiated guilty plea. Therefore, the claim that the sentence is illegal is meritless.
>
> Further, [Bates] claims that the sentence is illegal because he did not admit to any facts that would allow for the maximum sentence to be imposed under the sentencing guidelines. Claims that a trial court failed to comply with the sentencing guidelines during sentencing constitutes a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Davis*, 737 A.2d 792 (Pa. Super. 1999). However, since [Bates] entered a negotiated plea, he is precluded from challenging the discretionary aspects of his sentence. *See Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004), *appeal denied*, 877 A.2d 459 (Pa. 2005) (appellant may not challenge the discretionary aspects of the sentence, where the terms of the sentence were made part of the negotiated plea).

- 11 -

PCRA Court Opinion, 8/23/18, at 10-11.

Once again, our review of the record supports the PCRA court's conclusions. Initially, to the extent Bates is claiming he presents a constitutional challenge to his sentence, rather than a claim of illegality, the claim fails. Bates' constitutional challenge is both waived and baseless. The claim is waived because it is being raised for the first time on appeal. *See Colavita*, *supra*; Pa.R.A.P. 302(a). Moreover, the claim is baseless because, although Bates discusses cases involving mandatory minimum sentences that result from judicial fact-finding, *see*, *e.g.*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), there is no indication in the certified record that the sentence Bates negotiated with the Commonwealth included any such mandatory sentences.[4] Thus, trial counsel cannot be deemed ineffective for failing to challenge Bates' sentence.

In sum, both of Bates' claims regarding the alleged ineffectiveness of trial counsel lack arguable merit. Thus, Bates' claim of PCRA counsel's ineffective for failing to file an amended petition raising these baseless claims likewise fails

Order affirmed.

_____

[4] To the extent we understand Bates' claim to involve the application of the deadly weapon enhancement to the applicable sentencing guideline ranges, we note that such enhancement does not violate *Apprendi*/*Alleyne*. *See generally*, *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/19