J-S63026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM OLIVER | : | |
| | : | |
| Appellant | : | No. 3646 EDA 2018 |

Appeal from the PCRA Order Entered November 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1003111-2004

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                **FILED NOVEMBER 30, 2020**

This case returns to us following remand for the appointment of counsel.

Kareem Oliver (Appellant) has appealed from the order dismissing his petition

filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-

9546.  Additionally, Appellant's court-appointed counsel, James Lloyd, Esquire

(PCRA Counsel), filed a petition for leave to withdraw as counsel and an

"**Anders** brief."[1]   Because we conclude that PCRA Counsel fulfilled the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] PCRA Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), in the mistaken belief that an **Anders** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief.  A **Turner/Finley** no-merit letter, however, is the appropriate filing.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter.  **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

mandates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and this appeal is without merit, we grant PCRA Counsel's petition to withdraw and affirm the PCRA court's order dismissing Appellant's petition.

A prior panel of this Court detailed the underlying facts and procedural history:

> At approximately 11:00 p.m., on July 25, 2003, twenty-seven year old Monica Trice returned to her apartment at 5009 Germantown Avenue after work. Thereafter, Monica began sweeping in front of her apartment as she talked with her five year old daughter and Monica's sister, Shanta Trice.
>
> Fifteen to twenty feet north from Monica Trice, Benjamin Clark was sitting with some friends on the steps of 5011 Germantown Avenue. [Appellant] and Clark had known each other for several years and were friends. A few days before, [Appellant] and Clark engaged in an argument and on July 25, 2003, [Appellant] and Clark again had an argument. The much bigger Clark grabbed [Appellant] and put him up against the wall. The next time Clark saw [Appellant], [Appellant] was approaching with a gun in his hand. Clark heard someone say "Don't do it, 'Reem'".
>
> At approximately 11:16 p.m., [Appellant] fired four shots at Clark, but because [Appellant] had some difficulty controlling the gun as it fired, he missed Clark. To avoid being shot, Clark ran from the steps, past Monica and Shanta Trice. [Appellant] ran after Clark and fired two more shots at Clark. As the shots were fired, Shanta Trice covered her niece and yelled "Gunshots, get down" to her sister.
>
> After seeing that [Appellant] and Clark had run off, Shanta went inside the apartment with her niece.

> Shanta came out and saw her sister lying on the ground and told her to get up. At this time, Monica told Shanta that she had been shot. One of [Appellant's] shots had struck Monica in the pelvis area. From the bullet wound Monica Trice bled to death. Sadly, the deceased was also ten to twelve weeks pregnant.

Trial Court Opinion (T.C.O.), 9/28/06, at 2-3 (citations omitted).

> On May 23, 2004, [Appellant] was arrested and charged with murder, murder of an unborn child, violation of the Uniform Firearms Act (VUFA), and possession of an instrument of crime (PIC).[2] A bench trial began on May 26, 2006, and, after three days of testimony, [Appellant] was found guilty of all of the above-stated charges. In regard to the murder charges, the court found [Appellant] guilty of murder in the third-degree for the killing of Monica Trice, and murder in the third-degree of an unborn child for the death of Monica's baby. The court subsequently sentenced [Appellant] to serve an aggregate term of imprisonment of thirty to sixty years.

> [Appellant] filed a timely notice of appeal, however, this Court dismissed that appeal because [Appellant] failed to file a brief. [Appellant] subsequently filed a timely *pro se* [PCRA petition], and his post-sentence motion and direct appeal rights were reinstated *nunc pro tunc*. Accordingly, [Appellant] filed a post-sentence motion *nunc pro tunc* on March 5, 2009, raising a sufficiency of the evidence claim and also alleging that he was denied his right to a speedy trial in violation of Pa.R.Crim.P. 600. The trial court denied [Appellant's] motion and he thereafter filed a notice of appeal *nunc pro tunc*, as well as a timely concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

*Commonwealth v. Oliver*, 1460 EDA 2009, at *1-3 (Pa. Super. 2010) (unpublished memorandum).

On November 29, 2010, this Court affirmed Appellant's judgment of sentence. *Id*. On April 11, 2011, Appellant filed a *pro se* PCRA petition

---

[2] 18 Pa.C.S.A. §§ 2502, 2604, 6108, and 907.

- 3 -

requesting the reinstatement of his right to file a *nunc pro tunc* petition for allowance of appeal with the Pennsylvania Supreme Court. The PCRA court granted Appellant's request, and on July 17, 2015, our Supreme Court denied Appellant's petition. **Commonwealth v. Oliver**, 93 EAL 2015 (Pa. July 17, 2015). Accordingly, Appellant's judgment of sentence became final on October 15, 2015. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13.

On August 31, 2015, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed, but subsequently filed a **Turner**/**Finley** no-merit letter. The PCRA court never ruled on the motion to withdraw; however, George Henry Newman, Esq. entered his appearance as substitute counsel and filed an amended PCRA petition. On June 13, 2018, after several continuances, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure; the PCRA court formally dismissed Appellant's petition on November 20, 2018. On December 13, 2018, Appellant filed a *pro se* notice of appeal with this Court. Thereafter, on January 15, 2019, Attorney Newman filed with the PCRA court a motion to withdraw as counsel, which the court granted the same day.

In a memorandum decision filed December 10, 2019, and order filed April 16, 2020, this Court noted the impropriety of the PCRA court permitting Attorney Newman to withdraw as counsel after a notice of appeal had been filed in this Court. **See Commonwealth v. Oliver**, 3646 EDA 2018 (Pa. Super. Dec. 10, 2019) (unpublished memorandum); Order, 4/16/20. Accordingly, we remanded this case to the PCRA court to appoint appellate

counsel for Appellant with respect to his timely PCRA petition. On remand, the court appointed PCRA Counsel. On September 30, 2019, PCRA Counsel filed a petition to withdraw with this Court, attaching his no-merit letter, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Appellant did not file a response to Counsel's no-merit letter and did not raise any additional issues for our review.

In reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. **See Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. **Id.** "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **See Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

As noted, PCRA Counsel has filed in this Court a petition for leave to withdraw as counsel and an appellate brief. Thus, we must first determine if PCRA Counsel has satisfied the requirements to be permitted to withdraw from further representation. Pursuant to **Turner/Finley**, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral appeal] is permitted." **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that such independent review requires proof of:

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted). Further, PCRA counsel seeking to withdraw in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (i) a copy of both the no-merit letter, and (ii) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. ***Commonwealth v. Muzzy***, 141 A.3d 509, 511-12 (Pa. Super. 2016).

[W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner/Finley***, . . . this Court[ ] must then conduct its own review of the merits of the case. If the [C]ourt agrees with counsel that the claims are without merit, the [C]ourt will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the [C]ourt will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Upon review of PCRA Counsel's petition for leave to withdraw and the appellate brief submitted on Appellant's behalf, we conclude that PCRA Counsel has complied with the requirements of **Turner** and **Finley**, as restated in **Pitts**. PCRA Counsel identified the claims asserted by Appellant, reviewed the merits of those claims, and explained why the claims lack merit. In addition, PCRA Counsel represented to this Court that he provided Appellant with notice of his intention to seek permission to withdraw from representation and a copy of the appellate brief, and advised Appellant he may proceed with privately retained counsel or *pro se*. **See** Petition to Withdraw as Counsel, 9/30/20. Accordingly, PCRA Counsel has satisfied the requirements necessary to withdraw as counsel.

We next review Appellant's substantive claims to ascertain whether they merit relief. PCRA Counsel has identified the following issues, as stated in Appellant's *pro se* and counseled PCRA petitions:

I. The Commonwealth failed to provide information regarding a plea deal with Commonwealth witness Benjamin Clark in violation of **Brady v. Maryland**, 373 U.S. 83 (1963).

II. Trial counsel, James Bruno, Esquire, and direct appeal counsel, John P. Cotter, Esquire, rendered ineffective assistance of counsel.

    a. Counsel failed to move for dismissal of Appellant's case based upon a violation of Appellant's right to a speedy trial pursuant to Pa.R.Crim.P. 600;

    b. Counsel failed to object to the trial court "amending" the bills of information and finding Appellant guilty of third-degree murder and third-degree murder of an unborn child;

c.  Counsel failed to adequately cross-examine Commonwealth witness Benjamin Clark;

d.  Counsel failed to prepare for Appellant's sentencing hearing; Counsel did not present any witnesses on Appellant's behalf and failed to prepare Appellant to effectively allocute on his own behalf;

e.  Counsel failed to file a motion to reconsider sentence;

f.  Counsel failed to challenge the discretionary aspects of the sentence imposed. (*pro se* PCRA petition)

***Turner/Finley*** Brief at 31, 34-36.[3]

In his first issue, Appellant claims the PCRA court erred in denying relief on his ***Brady*** claim. Our Supreme Court summarized the relevant law:

The law governing alleged ***Brady*** violations is well-settled. In ***Brady***, the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an

_____

[3] PCRA Counsel also identified four claims raised by Appellant in his *pro se* appellate brief previously filed with this Court, including that trial counsel was ineffective in failing to 1) move to suppress Appellant's inculpatory statement made to police; 2) cross-examine eyewitness Shanta Trice, the victim's sister; 3) hire an expert witness to challenge the ballistics evidence; and 4) challenge the weight and sufficiency of the evidence, and four new issues referenced by Appellant in correspondence with PCRA Counsel, but not previously raised in the PCRA court, including 1) Appellant was unlawfully coerced to waive his right to a jury trial by trial counsel; 2) trial counsel was ineffective and violated ***McCoy v. Louisiana***, 138 S. Ct. 1500 (2018) when he conceded Appellant's guilt at trial; 3) the PCRA court's dismissal order listed the incorrect case number; and 4) Detective David Baker, who took Appellant's confessional statement, committed official misconduct, which was not previously known to Appellant and could have been used to attack the detective's credibility at trial. ***Turner/Finley*** Brief at 36, 63-64. Because Appellant did not raise these claims in his PCRA petitions or response to Counsel's ***Turner/Finley*** brief, the PCRA court never addressed them. ***See*** Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). As such, these claims have not been preserved for appellate review.

accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. The Supreme Court subsequently held that the duty to disclose such evidence is applicable even if there has been no request by the accused, and that the duty may encompass impeachment evidence as well as directly exculpatory evidence. Furthermore, the prosecution's *Brady* obligation extends to exculpatory evidence in the files of police agencies of the same government bringing the prosecution.

On the question of materiality, the Court has noted that such evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. The materiality inquiry is not just a matter of determining whether, after discounting the inculpatory evidence in light of the undisclosed evidence, the remaining evidence is sufficient to support the jury's conclusions. Rather, the question is whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. Thus, there are three necessary components that demonstrate a violation of the *Brady* strictures: the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; the evidence was suppressed by the prosecution, either willfully or inadvertently; and prejudice ensued.

*Commonwealth v. Lambert*, 884 A.2d 848, 853-54 (Pa. 2005).

Appellant contends that the Commonwealth violated his *Brady* rights by failing to disclose that it offered favorable treatment to Benjamin Clark in exchange for his testimony. According to Appellant, Mr. Clark, "who both provoked the initial altercation with [Appellant], and who testified against [Appellant] at trial," had an open robbery case when he testified against Appellant at trial. *See* Amended PCRA petition, 10/10/17, ¶ 5(c). After Appellant was convicted of the above charges, Mr. Clark was sentenced to five years of probation on the charges of first-degree felony robbery, conspiracy, terroristic threats, simple assault and false reports to law enforcement. *Id.*

Despite Mr. Clark testifying at Appellant's trial that he received no benefit from the Commonwealth in exchange for his testimony, *see* N.T., 6/1/06, at 11, Appellant maintains that a ***Brady*** violation occurred because there was no explanation for why Mr. Clark's case was still pending two years after charges were filed. Appellant contends that any favorable treatment Mr. Clark received would have impacted the outcome of his trial as it impeached the credibility of Mr. Clark, who was an essential witness.

The PCRA court denied relief on the ***Brady*** claim, finding that Appellant failed to meet his burden of proof regarding Mr. Clark's robbery charges and the Commonwealth's disclosure. The court explained:

> [A] review of the record indicates that Clark was questioned on direct examination by the Commonwealth and then defense counsel cross-examined him about the pending robbery charges against him. Thus, because the fact-finder was well aware of Mr. Clark's criminal difficulties, it was clear to this Court that the claim lacked merit.
>
> In any event, even had defendant somehow established that the claim possessed merit, this Court would have denied him relief thereon. That is because he did not establish prejudice. A review of the evidence presented by the Commonwealth shows that two eyewitnesses identified [Appellant] as the shooter and he admitted to police that he fired the shots that killed the two victims herein. No amount of cross-examination of Clark would have changed the outcome of the trial . . . .

PCRA Court Opinion, 1/11/19, at 11 (citations omitted).

The PCRA court's ruling was based upon its credibility determinations, which are supported by the record. ***Mason***, 130 A.3d at 617. Therefore, we

accept the PCRA court's factual findings, and agree that there was no **Brady** violation.

Appellant's remaining issues assert that the PCRA court erred in denying Appellant's PCRA petition because trial counsel and appellate counsel on direct appeal were ineffective. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. **Commonwealth v. Bomar**, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id.** (citation omitted).

Regarding whether counsel had a reasonable basis for his or her action or inaction, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Commonwealth v. Williams**, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of the three prongs, the claim is subject to dismissal. ***Bomar***, 104 A.3d at 1188.

Appellant first asserts that trial counsel was ineffective for failing to move for dismissal of his case based on a violation of his right to a speedy trial pursuant to Rule 600, since he was not brought to trial until 895 days after the filing of the original criminal complaint.[4] ***See*** Pa.R.Crim.P. 600.

> [While] Rule 600 requires the Commonwealth to try a defendant within 365 days of the filing of a criminal complaint[,] [a] defendant . . . is not automatically entitled to discharge under Rule 600 where trial starts more than 365 days after the filing of the complaint. Rather, Rule 600 "provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time." The adjusted run date is calculated by adding to the mechanical run date, *i.e.*, the date 365 days from the complaint, both excludable and excusable delay.
>
> Excludable time includes delay caused by the defendant or his lawyer. Concomitantly, excusable delay occurs where the delay is caused by "circumstances beyond the Commonwealth's control and despite its due diligence." "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth."
>
> Additionally, when considering Rule 600, we remain cognizant that Rule 600 serves two purposes. While it is intended to protect a defendant's speedy trial right, it also protects society's interest in prosecuting crime. Accordingly, where "there has been no misconduct on the part of the Commonwealth in an effort to evade

---

[4] On direct appeal, Appellant argued that he was entitled to relief pursuant to Rule 600. However, this Court found the claim waived because Appellant did not timely raise it in the trial court. ***Oliver***, 1460 EDA 2009, at *7.

- 12 -

the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime."

***Commonwealth v. Roles,*** 116 A.3d 122, 124-25 (Pa. Super. 2015) (internal citations omitted).

Here, in finding no merit to Appellant's Rule 600 claim, the PCRA court stated:

> Instantly, the record shows that a complaint in this case was originally filed on December 13, 2003, and that trial commenced on May[ ] 26, 2006, 895 days later. [Appellant], however, was not arrested until May 22, 2004, and the 161 days between the issuance of the complaint and the date of [Appellant's] arrest must be excluded from the Rule 600 calculation given that the evidence shows that the Commonwealth exercised due diligence in attempting to apprehend [Appellant]. N.T., 5/26/06, [at] 27-28[;] ***[s]ee Commonwealth v. Fisher***, 681 A.2d 130, 136 (Pa. Super. 1996) (holding that delay in arresting defendant was excludable time under Rule 600 because Commonwealth exercised due diligence in attempting to apprehend suspect). In addition to this period of time, there is at least 466 days attributable to delays caused by [Appellant] or his counsel. When these two periods of time are subtracted from the 895 days it took to bring [Appellant] to trial, it is clear that [Appellant] was brought to trial in 268 days, well within the Rule 600 365 period.

PCRA Court Opinion, 1/11/19, at 7-8.

We agree with the PCRA court's analysis, and add that trial counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Bomar***, 104 A.3d at 1188.

In his next issue, Appellant contends his trial counsel was ineffective "for failing to object to the trial court 'amending' the bill of information and finding Appellant guilty of third-degree murder and third-degree murder of an unborn child." ***Turner/Finley*** Brief at 41. The criminal complaint charged

Appellant with murder, generally, not third-degree murder. Appellant asserts that the criminal complaint needed to specify the degree of murder in order to provide Appellant with sufficient notice to prepare his defense.

Our Supreme Court has stated:

> The purpose of an Information or an Indictment is to provide the accused with sufficient notice to prepare a defense, and to ensure that he will not be tried twice for the same act. An Indictment or an Information is sufficient if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet, and may plead double jeopardy in a future prosecution based on the same set of events. This may be accomplished through use of the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished."

***Commonwealth v. Alston***, 651 A.2d 1092, 1095-96 (Pa. 1994) (citations omitted).

Although Appellant complains that the Commonwealth did not specifically charge third-degree murder under 18 Pa.C.S.A. § 2502(c), the certified record confirms that the Commonwealth charged Appellant with murder, generally, under 18 Pa.C.S.A. § 2502. We have held that "**[a]n information need not specify a degree of murder or the degrees of manslaughter in order to sustain the verdict of . . . murder**." ***Commonwealth v. Chambers***, 852 A.2d 1197, 1199 (Pa. Super. 2004) (emphasis added). Accordingly, this claim lacks merit.

- 14 -

Next, Appellant asserts that trial counsel was ineffective for failing to properly cross-examine Commonwealth witness Benjamin Clark "about why his open robbery case was still pending after two years and what benefits he hoped to get as a result of testifying against [Appellant]." ***Turner/Finley*** Brief at 52. Because we already rejected Appellant's underlying ***Brady*** claim concerning Mr. Clark, Appellant has no basis to assert ineffectiveness of trial counsel in this regard. Again, we find no error by the PCRA court.

In his next ineffectiveness issue, Appellant asserts trial counsel was ineffective for failing to challenge the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** One component of this test is whether the defendant's challenge to the discretionary aspects of a sentence presents a substantial question. ***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013).

In both his *pro se* PCRA petition and counseled amended PCRA petition, Appellant baldly asserts that the trial court imposed an excessive sentence because the trial court ordered his sentences to run consecutively. Had counsel raised this argument on direct appeal, it would not have raised a substantial question. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa.

Super. 2013) (holding that a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question); *see also Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."). Appellant has thus failed to invoke the jurisdiction of this Court and his claim of ineffective assistance of counsel for failing to raise a discretionary aspects of sentencing claim lacks merit.

Even if Appellant's claim of excessiveness raised a substantial question to invoke our jurisdiction, we would agree with the PCRA court's determination that the trial court did not abuse its discretion. The PCRA court explained:

> [T]he facts of the case show that [Appellant] sought revenge following a dispute with Clark by acquiring a gun and shooting it numerous times on a public street. One of the bullets struck a woman who was pregnant and killed her and her unborn baby. At the time the pregnant woman had seven children, one of whom was present when her mother was killed and could have been struck by a bullet.
>
> In addition, the sentences imposed on the third-degree murder conviction and the murder of an unborn child were standard range sentences. The fact that they were ordered to be served consecutively did not constitute an abuse of discretion or raise a substantial question.
>
> *       *       *
>
> It is further noted that the trial court considered [Appellant's] lack of a serious criminal record but believed that the seriousness of the crimes herein and [Appellant's] lack of a work history compelled it to impose the sentence it decided upon. The decision

- 16 -

did not amount to an abuse of discretion because the trial court clearly considered all relevant factors when deciding upon a sentence and thus, this Court did not commit an abuse of discretion by finding that the instant claim had no merit.

PCRA Court Opinion, 1/11/19, at 14-15.

In his final two ineffectiveness claims, Appellant contends trial counsel was ineffective for failing to adequately prepare for Appellant's sentencing hearing, and for failing to file a post-trial motion for reconsideration of sentence. Appellant suggests that trial counsel "failed to present any witnesses on [Appellant's] behalf, and failed to prepare [Appellant] to effectively allocute on his own behalf." Amended PCRA petition, 10/10/17, at 4 (unnumbered).

As discussed above, to prevail on an ineffective assistance of counsel claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that 1) the underlying legal claim has arguable merit; 2) counsel had no reasonable basis for acting or failing to act; and 3) the petitioner suffered resulting prejudice. *Bomar*, 104 A.3d at 1188. A petitioner must prove all three factors or the claim fails. *Id.* In addition, on appeal, a petitioner must adequately discuss all three factors or the appellate court will reject the claim. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

In his *pro se* PCRA petition, counseled amended PCRA petition, and appellate brief, Appellant fails to discuss the prejudice prong of this ineffectiveness claim. Appellant fails to identify witnesses that counsel could or should have presented at his sentencing hearing, and does not explain how

his sentence would have been different if counsel had presented those witnesses. Appellant also fails to cite supporting authority for his argument. *See* Pa.R.A.P. 2119(a) and (b) (requiring appellant to discuss and cite pertinent authorities).

Additionally, because we have determined that the underlying sentencing claim lacks merit, no basis exists for an ineffectiveness claim against trial counsel. Moreover, a prior PCRA court reinstated Appellant's right to file post-sentence motions. Appellant filed a post-sentence motion *nunc pro tunc* on March 5, 2009, raising a sufficiency of the evidence claim and alleging he was denied his right to a speedy trial — which the court denied. It is disingenuous for Appellant to raise another claim of ineffective assistance of counsel for the reinstatement of post-sentence rights. Appellant had the opportunity to challenge the discretionary aspects of his sentence twice – immediately after sentencing and upon having his post-sentence rights reinstated *nunc pro tunc*. He did not do so, and we decline to grant him a third opportunity. Accordingly, we discern no error by the PCRA court in denying this claim of ineffectiveness.

In sum, and for all of the above reasons, we agree with Attorney Lloyd that Appellant's claims are without merit and the PCRA court properly dismissed Appellant's PCRA petition. Accordingly, we grant Attorney Lloyd's petition to withdraw and affirm the PCRA court's order.

Petition to withdraw granted. Order affirmed.

P.J.E. Gantman joins the memorandum.

Judge Strassburger files a dissenting memorandum.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


*Date:* *11/30/2020*